791 So.2d 156 (2001)
STATE of Louisiana
v.
Earl BRADLEY.
No. 00-KA-1090.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2001.
*157 Margaret S. Sollars, Thibodaux, for Defendant/Appellant, Earl Bradley.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis[*], (Appellate Counsel), Quentin Kelly, Trial Counsel, Assistant District Attorneys, Gretna, for Plaintiff/Appellee, The State of Louisiana.
Panel composed of THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.

STATEMENT OF THE CASE
Defendant, Earl Bradley, was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). Defendant was arraigned on February 28, 2000, and pled not guilty. Thereafter, he filed a motion to suppress the evidence, which was heard and denied by the trial court on April 24, 2000. Defendant subsequently withdrew his not guilty plea and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to suppress. Defendant was then sentenced to five years.
Immediately after defendant's guilty plea, the state filed a multiple bill of information alleging defendant to be a second felony offender based on a prior conviction for possession of cocaine. Defendant stipulated to the allegations contained in the multiple bill. His original sentence was vacated and he was sentenced as a second felony offender to five years without benefit of parole, probation or suspension of sentence. Defendant now appeals the trial court's denial of his motion to suppress.

FACTS
At approximately eight o'clock in the morning on July 31, 1999, Officer David Carrick of the Gretna Police Department was on patrol, and observed defendant knocking on several doors of a motel in Gretna known for its high narcotics and prostitution activity. Officer Carrick testified that he thought defendant was either looking to commit a burglary, looking for narcotics or looking for a prostitute.
Officer Carrick pulled his police unit into the parking lot of the motel to investigate defendant's actions. During a pat down search of defendant for weapons, Officer Carrick found a key to defendant's car, which was parked nearby, and in which two passengers were waiting. Officer Carrick instructed the two passengers to step out of the car and join defendant at his patrol unit.
Officer Carrick then observed a clear cellophane wrapper lying on the ground next to defendant's left leg. The wrapper contained two off-white, rock-like substances which Officer Carrick recognized to be crack cocaine. Officer Carrick explained that upon his initial questioning of defendant, defendant had his left pants leg rolled up to about mid-thigh, but that when he returned with the two passengers from defendant's car, defendant's pants leg had unrolled to about his knee.
Officer Carrick also found small fragments of the same off-white, rock-like substance on defendant's left pants leg. Officer Carrick conducted field tests of the substances found on the ground and on *158 defendant's pants leg, and both tested positive for cocaine.

DISCUSSION
In defendant's sole assignment of error, he argues that the trial court erred in denying his motion to suppress the cocaine because it was discovered as the result of an illegal stop that was not based on reasonable suspicion. Defendant asserts that there was nothing suspicious about his conduct of knocking on motel room doors at eight a.m., and that his mere presence in a high crime area did not create the requisite suspicion to justify an investigatory stop.
In a hearing on a motion to suppress, the state bears the burden of proof in establishing the admissibility of evidence seized without a warrant. La. C.Cr.P. art. 703(D). The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Williams, 98-1006 (La.App. 5 Cir.3/30/99), 735 So.2d 62, 74, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
In this matter, although defendant asserts several arguments, the threshold issue is whether the police officer had reasonable suspicion to conduct an investigatory stop of defendant. Law enforcement officers are authorized by La. C.Cr.P. art. 215.1 to conduct investigatory stops which allow officers to stop and interrogate a person reasonably suspected of criminal activity. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Pursuant to art. 215.1A, an "officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions."
Investigatory stops require reasonable suspicion of criminal activity. Reasonable suspicion is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. State v. Sanders, 97-892 (La.App. 5 Cir.3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774. A reviewing court must take into consideration the totality of the circumstances and give deference to the inferences and deductions of a trained police officer that might elude an untrained person. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048.
An officer's experience, his knowledge of recent criminal patterns and his knowledge of an area's frequent incidence of crimes, are factors that may support reasonable suspicion for an investigatory stop. State v. Martin, 99-123 (La.App. 5 Cir.6/1/99), 738 So.2d 98. In addition, the reputation of a neighborhood as a highcrime area is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable suspicion for an investigatory stop. State v. Davis, 00-278 (La.App. 5 Cir.8/29/00), 768 So.2d 201.
In the matter before us, Officer Carrick testified that while on routine patrol, he drove near a motel in an area known to have a high volume of narcotics trade and prostitution. He observed defendant "walking from door to door and knocking on the doors" of the motel. Officer Carrick testified that the area and defendant's actions aroused his suspicions that defendant may be preparing to commit a burglary, looking to purchase or sell narcotics, or looking for a prostitute. Based on these facts, the trial court found that Officer *159 Carrick was justified in stopping defendant to investigate further.
Upon our review of the record, we do not find that the preponderance of the evidence clearly favors suppression. We are not persuaded by defendant's assertions that his actions were not suspicious because they were made at eight o'clock in the morning. Crimes are not restricted to certain times of the day or night. The time of day when an officer observes suspicious behavior is only one of several factors to be weighed in determining if the officer was justified in stopping a defendant to investigate the activity. Upon review, we find that the trial court properly denied defendant's motion to suppress the evidence.
Pursuant to La.C.Cr.P. art. 920, we have also reviewed the record for errors patent. We note that a multiple bill of information was filed against defendant and defendant stipulated to the allegations contained therein. However, the record does not indicate that defendant was advised of his right to a hearing and right to remain silent in connection with the multiple bill as required by La. R.S. 15:529.1(D)(1)(a). The failure of a defendant to be advised of these rights before stipulating to the multiple bill is reversible error. State v. Hopson, 97-509 (La.App. 5 Cir.11/25/97), 703 So.2d 767.
Additionally, we note that upon re-sentencing defendant as a second felony offender, the trial court did not advise defendant of the prescriptive period for post-conviction relief pursuant to La. C.Cr.P. art. 930.8.
Therefore, for the foregoing reasons, defendant's conviction and sentence for possession of cocaine, in violation of La. R.S. 40:967(C), are hereby affirmed. Because defendant was not advised of his rights prior to his admission as a multiple offender, we vacate the multiple offender finding and sentence, reinstate his original five-year sentence, and remand this matter to the trial court for another multiple offender hearing.
CONVICTION AND SENTENCE AFFIRMED; DETERMINATION AND SENTENCE AS A MULTIPLE OFFENDER VACATED; REMANDED.
DALEY, J., dissents.
DALEY, J., Dissenting.
I respectfully dissent from the majority's conclusion that the denial of defendant's Motion to Suppress was correct. Because the defendant was under illegal arrest before the contraband was found beside him, the Motion to Suppress should have been granted.
When an arrest is made without a warrant as dictated by LSA-C.Cr.P. art. 213(3), the arresting officer must have reasonable cause to believe that the person arrested has committed a crime. State v. Brown, 395 So.2d 1301 (La.1981). These decisions require probable cause for a warrantless arrest. Probable cause is defined when the facts and circumstances indicate by reasonable and trustworthy information that it is more probable than not that the person has committed an offense, or where the possibility of criminal activity is no greater than the possibility of innocent behavior. Mere suspicion by the arresting officer is not enough.
To discourage police misconduct, evidence recovered as a result of an unconstitutional search or seizure has been held inadmissible. Evidence abandoned, disposed of, or surrendered by a citizen and recovered by police as a direct result of an unconstitutional seizure of that person may not be used in the resulting prosecution. Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. *160 407, 9 L.Ed.2d 441 (1963); State v. Tucker, supra.
Under both the state and federal constitutions, a "seizure" occurs when the totality of the circumstances surrounding a citizen's encounter with the police indicates that a reasonable person would not be free to leave or otherwise terminate the encounter. State v. Vikesdal, 29,043 (La. App. 2 Cir. 1/31/97), 688 So.2d 685, citing Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).
While I can support the majority's position that the initial investigatory stop of the defendant was permissible under the facts, by his own testimony, Officer Carrick's "investigatory stop" of the defendant was a custodial detention, and thus violated and exceeded the scope of a investigatory stop. Officer Carrick testified that the defendant was not free to leave at the initial stop and frisk (Supplemental Record, p. 13), despite the officer's failure to find any weapons or contraband on the defendant. Officer Carrick ordered defendant to place his hands on the police unit, and instructed him to remain there while he investigated the defendant's companions, who were seated in his car. This exceeds the scope of an investigatory stop under LSA-C.Cr.P. art. 215.1. Defendant's freedom was restricted without probable cause or reasonable suspicion that he had committed or was about to commit a crime.
I do not agree that the officer had the authority under that statute to further investigate the passengers of the defendant's car solely by virtue of finding the key to the car in defendant's possession. There was no testimony that either man was behaving suspiciously. The sole justification for their search was the location of defendant's car key, found during defendant's pat-down (where no weapons or contraband was found), and their presence inside the vehicle in a parking lot open to the public.
Mr. Bradley's Motion to Suppress should have been granted, and the conviction of Mr. Bradley for possession of cocaine should be reversed.
NOTES
[*] COUNSEL OF RECORD ON APPEAL