844 So.2d 115 (2003)
STATE of Louisiana
v.
Earl BRADLEY.
No. 02-KA-1130.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2003.
*116 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for State.
Margaret S. Sollars, Thibodaux, LA, for defendant-appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
This is defendant's second appeal. Defendant was convicted of possession of cocaine on April 24, 2000 in violation of LSA-R.S. 40:967(C) after he entered a guilty plea under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to five years. Defendant was subsequently found to be a second felony offender. His original sentence was vacated and he was resentenced as a multiple offender to five years without the benefit of parole, probation or suspension of sentence.
Defendant appealed his conviction challenging the trial court's denial of his motion to suppress the evidence. In State v. Bradley, 00-1090 (La.App. 5 Cir. 6/27/01), 791 So.2d 156, 159, writ denied, 01-1973 (La.6/14/02), 817 So.2d 1151, this Court affirmed defendant's conviction but set aside his multiple offender adjudication and sentence based on an error patent. This Court reinstated defendant's original five-year sentence and remanded the matter for another multiple offender hearing.
On remand, the State withdrew the multiple offender bill of information against defendant. For unknown reasons, the trial court then ordered defendant's original five-year sentence for possession of cocaine to run consecutively to his life sentence in another case bearing docket # 99-5825. In docket # 99-5825, defendant received a life sentence for a second degree murder conviction. Defendant filed this second appeal seeking review of the consecutive nature of his sentence.

FACTS
The following facts were determined in the first appeal:

*117 At approximately eight o'clock in the morning on July 31, 1999, Officer David Carrick of the Gretna Police Department was on patrol, and observed defendant knocking on several doors of a motel in Gretna known for its high narcotics and prostitution activity. Officer Carrick testified that he thought defendant was either looking to commit a burglary, looking for narcotics or looking for a prostitute.
Officer Carrick pulled his police unit into the parking lot of the motel to investigate defendant's actions. During a pat down search of defendant for weapons, Officer Carrick found a key to defendant's car, which was parked nearby, and in which two passengers were waiting. Officer Carrick instructed the two passengers to step out of the car and join defendant at his patrol unit.
Officer Carrick then observed a clear cellophane wrapper lying on the ground next to defendant's left leg. The wrapper contained two off-white, rock-like substances which Officer Carrick recognized to be crack cocaine. Officer Carrick explained that upon his initial questioning of defendant, defendant had his left pants leg rolled up to about midthigh, but that when he returned with the two passengers from defendant's car, defendant's pants leg had unrolled to about his knee.
Officer Carrick also found small fragments of the same off-white, rock-like substance on defendant's left pants leg. Officer Carrick conducted field tests of the substances found on the ground and on defendant's pants leg, and both tested positive for cocaine.
State v. Bradley, 791 So.2d at 157-158.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues the consecutive nature of his five-year sentence to an already imposed life sentence is excessive. He asserts a sentence beyond natural life makes no contribution to acceptable goals of punishment and, thus, is excessive. The State does not address the consecutive nature of defendant's sentence but merely argues the five-year sentence is statutorily permissible.
After the trial court ordered defendant's five-year sentence to run consecutively, defendant orally objected and filed a motion for reconsideration of sentence. In his written motion, defendant specifically urged the trial court to run the five-year sentence concurrent with his life sentence in matter # 99-5825. The trial court denied defendant's motion.
A sentence is excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La. App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. The consecutive or concurrent nature of a sentence is governed by LSA-C.Cr.P. art. 883 which provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
Defendant's sentence for possession of cocaine was ordered to run consecutively to his life sentence for second degree murder in case # 99-5825. Although there was no appeal of defendant's conviction in *118 # 99-5825, a writ application, # 02-K-0091, was filed by the State prior to trial seeking review of the trial court's granting of a motion to exclude certain evidence of other crimes. This Court denied the writ finding the trial court did not abuse its discretion in excluding the evidence.
The writ application pertaining to case # 99-5825 reveals the murder at issue occurred on July 31, 1999, the same date as the present possession of cocaine offense. The present record pertaining to the possession of cocaine conviction reveals defendant was stopped at 8:00 a.m. while knocking on motel doors in a known drug and prostitution area at which time he was found to be in possession of cocaine. This was approximately six hours after the murder for which defendant was convicted in case # 99-5825. The evidence of other crimes sought to be introduced by the State in writ application # 02-K-0091, pertaining to docket # 99-5825, included a drug sale between the victim and defendant wherein defendant allegedly purchased cocaine from the victim on the night of the murder.
Under Rule 2-1.14 of the Uniform RulesCourts of Appeal, any record lodged in this Court may be used, without necessity of duplication, in any other case on appeal or on writ. Based on the writ application pertaining to case # 99-5825, we find that defendant's second degree murder conviction and possession of cocaine conviction arose out of a single course of conduct.
Since the two convictions arose from a single course of conduct, there is a presumption in favor of concurrent sentences under Article 883. Nonetheless, a trial judge retains discretion to impose consecutive sentences on the basis of factors such as the offender's past criminal acts, the violent nature of the charged offenses, or the risk that the defendant may pose to the safety of the community. State v. Aleman, 01-743 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1070. If the trial court elects to impose consecutive sentences for crimes arising from a single course of conduct, it must articulate the reasons it feels the sentence is necessary. Id. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/97), 694 So.2d 440, 451, writs denied, 97-1050 (La.10/13/97), 703 So.2d 609 and 97-1255 (La.10/13/97), 703 So.2d 612. In the present case, the trial court gave no reasons for imposing a consecutive sentence.
We do note that LSA-C.Cr.P. art. 883 does not specifically require the trial court state reasons justifying the imposition of a consecutive sentence when the crimes arise out of a single course of conduct. Rather, the history of the jurisprudence reveals that the requirement for articulating specific reasons for imposing a consecutive sentence is based on LSA-C.Cr.P. art. 894.1, which requires a sentencing court to "state for the record the considerations taken into account and the factual basis therefore in imposing sentence." State v. Franks, 373 So.2d 1307, 1308 (La. 1979). Over time, the Louisiana Supreme Court has found that the failure to articulate reasons for sentence pursuant to Article 894.1 does not require a remand when the sentence imposed is not "apparently severe" and there is an adequate factual basis for the sentence contained in the record. State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982). Therefore, it logically follows that the failure to articulate specific reasons for imposing a consecutive sentence also does not require a remand if the record provides an adequate factual basis to support a consecutive sentence.
*119 In this case, as stated above, the trial court failed to give any reasons justifying the consecutive nature of the sentence. Furthermore, it does not appear the record provides adequate facts to support a consecutive sentence. The record is devoid of defendant's criminal background. Additionally, the facts surrounding the possession of cocaine offense do not show a particularly heinous crime or suggest defendant is a danger to society. While defendant does have a murder conviction, the facts surrounding the murder are unknown. It is unknown whether defendant's murder conviction was the result of a history of violent behavior or a one-time violent episode. As such, we find the trial court erred in ordering defendant's possession of cocaine sentence to run consecutively with his second degree murder sentence.
In addition, even assuming defendant's sentence is excessive because of its consecutive nature, a remand for resentencing would be "an academic exercise which has no practical benefit to anyone." State v. Franklin, 519 So.2d 292, 295 (La.App. 5 Cir.1988), citing State v. Mosley, 466 So.2d 733 (La.App. 4 Cir.1985), writ denied, 468 So.2d 1202 (La.1985).
Defendant in the present case previously received a life sentence without the benefit of parole, probation or suspension of sentence. An additional five years beyond a life sentence has no practical effect. Defendant will be in jail for the rest of his life unless he is pardoned. Thus, we find that remanding the matter for resentencing would be pointless.

ERROR PATENT DISCUSSION
This Court previously conducted an error patent review of the original record in this case at the time of defendant's first appeal. Based on an error patent, the matter was remanded for another multiple bill hearing. Upon remand, the multiple bill was withdrawn. As such, defendant is not entitled to another error patent review under the circumstances of this case. State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783; State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625.
In accordance with the above, we reinstate the defendant's original sentence of five years, to run concurrently with all other sentences, for his conviction of possession of cocaine.
ORIGINAL SENTENCE REINSTATED.
CANNELLA, J., concurs without reasons.