MARC E. JOHNSON, Judge.
 

 12Pefendant filed an appeal alleging procedural defects of the trial court’s rulings regarding his requirement to register and his notification period as a sex offender, pursuant to LSA-R.S. 15:542. For the following reasons, we convert the appeal to a writ application for consideration and deny relief.
 

 STATEMENT OF THE CASE
 

 On November 7, 2001, the Jefferson Parish District Attorney filed a bill of information charging defendant, Gary Mire, with one count of carnal knowledge of a juvenile in violation of LSA-R.S. 14:80 and four counts of indecent behavior with a juvenile in violation of LSA-R.S. 14:81. At his arraignment on January 17, 2002, defendant pled not guilty to these charges. However, on April 19, 2002, defendant withdrew the not guilty pleas and entered pleas of
 
 nolo contendere
 
 to all five counts. Thereafter, he was sentenced to three years imprisonment at hard labor on each count. The sentences were ordered to run concurrently. The ^sentences were suspended, and defendant was placed on five years of active probation. In addition to the general conditions of probation, special conditions of probation were imposed, including registration as a sex offender.
 

 PROCEDURAL BACKGROUND
 

 On April 19, 2002, defendant pled
 
 nolo contendere
 
 and was sentenced in case number 01-5885 in Division “N.” His five-year probation period expired on or about April 19, 2007. It appears that in November of 2007, the Jefferson Parish Sheriffs Office advised defendant of amendments to his sex offender registration and notification requirements.
 

 
 *302
 
 In response, defendant filed a “Motion for Relief from Ex Post Facto Application of Registration and Notification Period Pursuant to La. R.S. 15:542” in case number 01-5885 on December 19, 2007. In this motion, he explained that at the time of his conviction and at the time his probation expired, the registration and notification time period was ten years. He acknowledged that LSA-R.S. 15:542, LSA-R.S. 15:542.1, and LSA-R.S. 15:544 were amended by Acts 2007, No. 460, § 2, which became effective on January 1, 2008, providing for a registration and notification period of 25 years. He concluded that compliance with the new requirements was prohibited
 
 ex post facto
 
 application of new law. He also filed a motion to stay the registration requirements pending a final ruling. However, on December 20, 2007, Judge Liljeberg in Division “N” dismissed the motion, believing he did not have jurisdiction in the matter because, at the time, defendant’s probation had expired. He recommended defendant re-file the motion as a new petition.
 

 When defendant re-filed his motion for relief on January 17, 2008, the motion was allotted to Judge Darensburg in Division “C” and was given the case number OS-337. Defendant also filed a motion to stay implementation of the new | requirements. On February 25, 2008, Judge Darensburg granted defendant’s motion for relief and gave the State 30 days to file a writ with this Court. Because of this ruling, defendant was relieved from having to comply with the new amendments to his registration and notification requirements. However, on February 29, 2008, without defendant present, the State made an oral motion for re-consideration of Judge Darens-burg’s February 25, 2008 ruling on defendant’s motion for relief. Judge Darens-burg vacated her previous February 25, 2008 ruling, denied defendant’s motion for relief, and ordered defendant to comply with the notification requirements. She also granted an oral motion for stay. Defense counsel noted intent to seek writs. At this hearing, defense counsel objected that neither he nor defendant was served with notice to appear for the hearing.
 

 On April 1, 2008, defendant filed a “Notice of Appeal” in case number 08-337 regarding the denial of his motion for relief. The notice of appeal was signed on April 9, 2008, and the court set a return date of April 24, 2008. Defendant sought relief with this Court in case number 08-KH-376. This Court granted the writ in part, and denied the writ in part.
 
 State v. Mire,
 
 08-376 (La.App. 5 Cir. 5/28/08)(un-published writ). Specifically, this Court’s disposition provided the following:
 

 WRIT GRANTED IN PART; DENIED IN PART
 

 In this criminal matter, relator filed a “Motion for Relief From Ex Post Facto Application of Registration and Notification Period Pursuant to La. R.S. 15:542.” The matter went before the trial court on Monday, February 25, 2008. After the hearing, the trial judge granted relator Gary Mire’s “Motion for Relief from Ex Post Facto Application or Registration and Notification Period Pursuant to La. R.S. 15:542.”
 

 On Friday, February 29, 2008, the trial court held an additional hearing on the same motion, at which the prosecutor presented additional case law to support its position. The prosecutor then made an oral motion for the court to reconsider its prior ruling. Defense counsel objected to proceeding with the hearing on the basis that [¿neither he nor Mire was notified of the new hearing. After the trial judge waived Mire’s presence, the trial judge told defense counsel that she was “just happy that
 
 *303
 
 you’re here because I was going to rule on this today if you had not come because I had a chance to read the case.”
 

 After argument by the State and defense, the trial judge vacated the previous ruling and denied relator’s motion. The judge ordered Mire to comply with the sex offender notification requirements, but stayed the ruling. Defense counsel noticed his intent to seek writs, but the trial judge did not set a return date. On April 1, 2008, relator noticed his intent to appeal the ruling, and the trial judge set April 24, 2008 as the return date. Construing the notice to seek an appeal as a notice to seek supervisory review, we find relator’s writ, which is post-marked on April 24, 2008, to be timely filed.
 

 Upon review, we find the trial court erred in convening the February 29, 2008 hearing without reasonable notice to Mire or his attorney. Accordingly, we grant the writ in part to vacate the February 29, 2008 ruling. This writ is otherwise denied.
 

 On June 26, 2008, in case number OSES?, the attorney for the Clerk of Court filed a “Motion to Dismiss Criminal Appeal.” Judge Darensburg ordered that defendant show cause on August 21, 2008, why the appeal should not be dismissed. Judge Darensburg, in case number 08-337, found that the motion to dismiss appeal was moot on August 21, 2008. On September 17, 2008, defense counsel filed a motion to dismiss the appeal, and this Court dismissed the appeal on the following day.
 

 Thereafter, on March 2, 2009, in case number 08-337, Judge Darensburg determined that she did not have jurisdiction to take further action in the matter because this Court had failed to remand the matter to her after deciding the writ application. On March 30, 2009, the State filed a “State’s Motion to Set Hearing to Advise Defendant of His Obligation to Register Under the Amended 2008 Sex Offender Registration Requirements.” In this motion, the State argued that legislation that became effective on January 1, 2008, extended the period of registration for defendant from 10 years to 25 years and that these requirements |fiwere to be retroactively applied to those defendants who had been convicted of enumerated crimes requiring registration and whose obligation to do so had not ended. The State asserted in this motion that defendant’s obligation to register under the previous statute would not have expired until April 19, 2012. The motion was filed in case number 01-5885, but in Division “C.” The copy of the motion that appears in the record has the “C” crossed out and an “N” is handwritten in. On April 1, 2009, Judge Darensburg signed an Order of Transfer, transferring the matter in case number 08-337 to the docket of Judge Liljeberg in Division “N.” The reason for the transfer given was that “[tjhis should have been in Division ‘N’ with case # 01-5885 but was given a new case number and allotted to a new Division.” On the following day, an order was signed for a subpoena to be issued for defendant to appear on April 8, 2009 for notification of his obligation to register as a sex offender.
 

 On April 8, 2009, Judge Liljeberg decided that defendant must register as a sex offender for a 15-year period and comply with all of the new 2008 registration and notification provisions, which he found were retroactive, in light of
 
 State ex rel. Olivieri v. State,
 
 00-0172 (La.2/21/01); 779 So.2d 735,
 
 cert. denied,
 
 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001) and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001). Defendant orally gave his notice to appeal and to stay the new requirements. Judge Liljeberg granted both. The minute entry for April 8, 2009 reflects the
 
 *304
 
 matter was in case number 01-5885, but the transcript reflects both case numbers 01-5885 and 08-387. The transcript reflects the matter was in Division “N.”
 

 On May 8, 2009, in case number 01-5885, defendant filed a “Motion for New Trial” regarding the April 8, 2009 ruling. Also on this date, defendant filed a “Notice of Appeal,” in case number 01-5885 and 08-337, regarding the April 8,172009 judgment. On May 11, 2009, Judge Liljeberg issued an order, in case number 01-5885, for the State to show cause on May 14, 2009, why the defendant’s motion for new trial should not be granted.
 

 On May 14, 2009, Judge Liljeberg denied defendant’s motion for new trial and granted the appeal. In doing so, he expressed that he believed that this Court’s intent was to send the matter back to the district court for defendant to have a hearing because he did not have notice. It is noted that the May 14, 2009 minute entry reflects case number 01-5885, while the transcript reflects both case numbers 01-
 
 5885
 
 and 08-337. Judge Liljeberg said that his ruling was in 08-337, and that his April 8, 2009 ruling as well as the stay order was “in place.”
 

 On appeal, defendant is not challenging his convictions that were obtained or his sentences that were imposed on April 19, 2002. Instead, he is challenging the registration and notification requirements and the various procedural steps leading to that ruling. Under the circumstances of this case and in the interest of justice, we use our discretion and convert the appeal to a writ and review the matter under our supervisory jurisdiction.
 
 See State v. Tate,
 
 09-619 (La.App. 5 Cir. 2/9/10), 33 So.3d 292.
 

 ASSIGNMENTS OF ERROR
 

 Defendant raises the following assignments of error: 1) whether the trial court committed error by taking action after the May 28, 2008 judgment by this Court was rendered and the State failed to take any further action in the appellate process; 2) whether the trial court committed error by taking action on the State’s March 30, 2009 “Motion to Set Hearing to Advise Defendant of his Obligation to Register Under the Amended 2008 Sex Offender Registration Requirements” and transferring the case to Division “N,” after ruling on March 2, 2009 that it lacked jurisdiction to take further action in the matter; and, 3) whether the trial court |scommitted error by entertaining and granting the State’s “Motion to Set Hearing to Advise Defendant of His Obligation to Register Under the Amended 2008 Sex Offender Registration Requirements” on April 8, 2009, after the trial court dismissed Defendant’s motion for relief on December 20, 2007 on the basis that it lacked jurisdiction to entertain the motion because his probation had expired.
 

 Assignment of Error Number One
 

 Defendant argues that the effect of this Court’s May 28, 2008 judgment, which vacated Judge Darensburg’s February 29, 2008 ruling that had, in turn, vacated her previous February 25, 2008 ruling, was to leave Judge Darensburg’s February 25, 2008 ruling in favor of defendant in place. As such, defendant argues that this Court was not required to reinstate the February 25, 2008 ruling. Also, defendant notes that the State did not seek any further action, neither asking this Court for a rehearing or requesting review of the judgment from the Louisiana Supreme Court.
 

 The State responds that defendant’s argument is misplaced because Judge Dar-ensburg vacated her February 25, 2008 ruling on February 29, 2008, and that this Court’s May 28, 2008 ruling did not affect the portion of the ruling that vacated the February 25, 2008 ruling. The State con
 
 *305
 
 tends that, as acknowledged by Judge Darensburg on March 2, 2009, no ruling remained after this Court ruled on the writ application.
 

 Initially, it is noted that what is absent from defendant’s discussion of his first assignment of error is any legal citations for support of his argument. Nevertheless, it appears that a simple review of defendant’s writ application and this Court’s May 28, 2008 ruling resolves the issue raised by defendant.
 

 In defendant’s writ application in case number 08-KH-376, defendant requested that this Court do the following:
 

 li,... reverse the February 29, 2008 ruling of the Honorable June Darensburg denying Petitioner’s Motion for Relief From Ex Post Facto Application of Registration and Notification Period Pursuant to La. R.S. 15:542 and reinstate the original ruling of February 25, 2008 granting Petitioner’s Motion for Relief From Ex Post Facto Application of Registration and Notification Period Pursuant to La. R.S. 15:542.
 

 See
 
 08-KH-376 Writ Application, p. 14 (emphasis added).
 
 [1]
 
 In ruling on this writ application, this Court found the trial court erred in convening the February 29, 2008 hearing without reasonable notice to defendant or his attorney. Therefore, this Court granted the writ in part to vacate the February 29, 2008 ruling. However, the Court found “[t]his writ is otherwise denied.”
 
 See State v. Mire,
 
 08-376 (La.App. 5 Cir. 5/28/08)(unpublished writ). As such, it appears that defendant’s request to reinstate the original ruling of February 25, 2008, which granted defendant’s “Motion for Relief From Ex Post Facto Application of Registration and Notification Period Pursuant to La. R.S. 15:542,” was denied by this Court.
 

 Based on the foregoing, the February 25, 2008 ruling was not automatically reinstated when this Court vacated the February 29, 2008 ruling. In fact, this Court specifically refused to reinstate the February 25, 2008 ruling. As a result, we find that this assignment of error lacks merit.
 

 Assignment of Error Number Two
 

 Defendant argues that Judge Dar-ensburg ruled on March 2, 2009 that she did not have jurisdiction to take any further action in the ease because this Court failed to remand the matter to the trial court. Defendant notes that this ruling was not challenged. Citing LSA-C.C.P. art. 2088, defendant contends that once the trial |incourt is divested of jurisdiction it may retain jurisdiction only to do certain things, which does not include transferring a case to another division. As such, defendant concludes that once Judge Darens-burg lacked jurisdiction to rule on March 2, 2009, it was legal error to transfer the case to Division “N” after the State filed its motion to set a hearing.
 

 The State responds that defendant mistakenly asserts that Judge Darensburg transferred this matter to Division “N.” The State explains that it filed a motion to set a hearing under case number 01-5885 after Judge Darensburg ruled she lacked jurisdiction. Further, the State argues that on or before August 25, 2008, the 24th Judicial District Court issued an order that all post-conviction matters should retain the same case number and remain in
 
 *306
 
 the same division of court to which the criminal case was allotted. As such, the State suggests that the motion was properly re-docketed under its original case number in the same division to which it was originally allotted.
 

 The State acknowledges that defendant did not object to Judge Darensburg’s ruling that she lacked jurisdiction nor did defendant object when the matter was re-docketed in Division “N.” As such, it contends that this issue is not preserved for review. Further, the State recognizes that defendant fails to cite law in support of his contention, except for an article found in the Code of Civil Procedure that is inapplicable to criminal matters.
 

 Judge Darensburg did have jurisdiction in the matter, regardless of whether this Court specifically remanded the matter to the district court. After reviewing this Court’s May 28, 2008 disposition, this Court expressed that a hearing which ordered compliance with the new amendments to the registration and notification requirements could not be held without notice to defendant. This Court’s | ^disposition logically allowed for a hearing to take place in the district court after giving notice to defendant.
 

 The district court had jurisdiction to act on this matter after the ruling of this Court on defendant’s writ application in case number 08-KH-376. The Louisiana Constitution states that except as otherwise authorized, a district court shall have original jurisdiction of all civil and criminal matters. La. Const, art. 5, § 16(A). When defendant filed a writ with this Court in case number 08-KH-376, this Court exercised its supervisory jurisdiction over the matter pursuant to La. Const, art. 5, § 10(A). Thereafter, Judge Darensburg decided she lacked jurisdiction to further act in the matter because this Court failed to remand the matter to her. However, the district court was divested of jurisdiction at the time. Defendant did file a “notice of appeal” on April 1, 2008, and the court signed the notice on April 9, 2008. According to LSA-C.Cr.P. art. 916, the jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as is otherwise provided by law or as provided by Article 916.
 
 Id.
 

 However, in case number 08-KH-376, this Court construed the notice to seek an appeal as a notice to seek supervisory review.
 
 [2]
 
 The Code of Criminal Procedure does not provide for the divesting of jurisdiction of the district court when a writ is sought with the appellate court. If the district court was divested of jurisdiction every time someone sought relief through means of a writ with an appellate court, there would be no need for a stay of proceedings in the district court, which is authorized by Uniform Rules — Courts of Appeal, Rule 4-4. If no stay is granted, proceedings in the district court may continue, even despite pending writs. As such, although Judge Darensburg expressed that she lacked | ^jurisdiction because the case was not remanded to her, a remand to the district court was unnecessary when the trial court was not divested of jurisdiction.
 

 Further, La. Const, art. 5, § 16(A) grants a district court, not a specific judge or division, original jurisdiction of all criminal matters. Also, cases within the district court can be transferred between di
 
 *307
 
 visions. District Court Rules — Rule 14.3 provides for the transfer of allotted cases in a district court:
 

 Any case that has been allotted may be transferred from one division to another division for good cause, or by written consent of all parties, including the state, the defense, and the court. Consent transfers shall be by written order signed by both the transferring judge and the receiving judge.
 

 District Court Rules — Appendix 11 provides that for the 24th Judicial District Court, cases on any of the criminal dockets may be transferred as often as necessary for the proper expedition of the business of the Court from one division of court to another. Therefore, the jurisdiction of this criminal case was granted to the 24th Judicial District Court, not Judge Darens-burg or Judge Liljeberg.
 

 Further, the State filed its motion for hearing on March 30, 2009. The motion contained the case number 01-5885, but noted the Division was “C.” At some point, the “C” was scratched through and “N” was handwritten on the motion. As such, although an Order of Transfer does appear in the record from Judge Darensburg, Division “N” should have been the division noted on the State’s motion from the beginning because that was the division associated with case number 01-5885. Thus, the State filed its motion seeking review from Judge Liljeberg’s ruling.
 

 Based on the foregoing, we find that the assignment of error lacks merit, and defendant is not granted relief regarding this procedural argument.
 

 |
 
 Assignment of Error Number Three
 

 Defendant explains that he originally filed his motion for relief in Division “N” under case number 01-5885, which was the same case number in which he was convicted, put on probation, and ordered to comply with the sex offender registration requirements. However, he contends that Judge Liljeberg dismissed his motion after finding he did not have jurisdiction to entertain the motion because defendant’s probation had expired and, therefore, the case was closed. He notes that this ruling was not challenged. Defendant explains that he was advised to file the motion again as a new matter. Defendant did this, and the matter was allotted to Division “C.” Defendant argues that if Judge Liljeberg did not have jurisdiction to rule on December 20, 2007, when his original motion for relief was filed, Judge Liljeberg lacked jurisdiction to rule on the State’s motion for hearing filed on March 30, 2009. Again, defendant cites LSA-C.C.P art. 2088 in support of his argument. He concludes Judge Liljeberg did not have jurisdiction to grant the State’s motion on April 8, 2009. He also raises the issue of Judge Liljeberg’s comment that his ruling was in case number 08-337.
 

 The State acknowledges that defendant cites no legal support other than the article from the Louisiana Code of Civil Procedure, which is inapplicable to criminal matters. The State also contends defendant failed to object and this issue is not preserved for appeal. Further, the State notes that the 24th Judicial District Court has ordered that all post-conviction matters retain the same case number and remain in the same division of court to which the criminal case was allotted, which in this case was Division “N.”
 

 In case number 08-KH-376, this Court disapproved of having a hearing in which defendant was ordered to comply with new requirements of registration and notification without proper notice of the hearing. Since this Court’s May 28, 2008114ruling in case number 08-KH-376, there has been another hearing on the matter, but this time with notice to defendant, which al
 
 *308
 
 lowed for his presence at the hearing. Judge Liljeberg presided over that hearing and eventually ruled against defendant, ordering compliance with the new amendments.
 

 Defendant originally filed his motion for relief with Judge Liljeberg in case number 01-5885. On December 20, 2007, Judge Liljeberg dismissed the motion after finding he lacked jurisdiction because defendant’s period of probation had expired. The motion for a hearing ruled on by Judge Liljeberg on April 8, 2009, was filed by the State. Although the original motion for relief was filed by defendant and the motion for hearing was filed by the State, the key issue of both motions was whether the new amendments to the registration and notification requirements for sex offenders applied to defendant. Judge Darensburg originally found defendant did not have to comply, then vacated that ruling and said he did. This Court vacated that ruling, which was made at a hearing without notice being given to defendant. Thereafter, another hearing was held and Judge Liljeberg ruled defendant had to comply with the new amendments to the requirements.
 

 Interestingly, defendant does not seek relief from the ruling of compliance itself. At no time in his brief does defendant address the merits of applying the new amendments to him retroactively. Instead, defendant focuses on the procedurally tangled, “jurisdictional” aspects of the matter, arguing that what still stands is Judge Darensburg’s original ruling relieving defendant from compliance with the new law.
 

 Judge Liljeberg originally had jurisdiction to hear the matter, even if defendant’s period of probation had expired. LSA-C.Cr.P. art. 898 addresses the satisfaction of probation. Article 898 provides that upon completion of the period of suspension of sentence or probation, the defendant shall have satisfied the | lfisentence imposed. Where part of a sentence is suspended, this provision shall not apply until the unsuspended part has been satisfied.
 
 Id.
 

 However, at the time, defendant was still under the obligation to register as a sex offender in case number 01-5885. This was a special condition of probation, as well as a statutory requirement. Defendant’s sentence is not ultimately “completed” until his obligations as a sex offender are fulfilled.
 
 See State v. Moore,
 
 03-16, p. 7 (La.App. 3 Cir. 5/14/03), 847 So.2d 53, 57-58,
 
 writs denied,
 
 03-1480 (La.12/12/03), 860 So.2d 1150 and 04-2931 (La.1/21/05), 893 So.2d 55 (where the Third Circuit recognized that the requirement to register and give notice are triggered by the release of the sex offender into the community, noting that the requirement to register and give notice become essential for the protection of innocents. The
 
 Moore
 
 court recognized the burden of registration may extend well beyond the period of probation or parole and that continued monitoring by law enforcement officials is deemed of “paramount governmental interest.” The court also expressed that from the statute and legislative purpose, the requirements of registration and notification are an essential part of a convicted sex offender’s sentence. He must fulfill these requirements before his sentence can be deemed “complete” and he is released from all supervision).
 

 Further, even if the matter was transferred to Judge Liljeberg by Judge Dar-ensburg, as suggested before, the case was properly transferred and jurisdiction was with the court, not the specific judge. Thus, we find that this assignment of error lacks merit, and defendant is not granted relief based on this procedural argument.
 

 
 *309
 
 ^CONCLUSION
 

 For the foregoing reasons, defendant’s appeal is converted to a writ application for consideration and relief is denied.
 

 APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT CONSIDERED; RELIEF DENIED.
 

 [1]
 

 . According to Rule 2-1.14 of the Uniform Rules — Courts of Appeal, "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ.” This Court has previously considered documents in a writ application filed in this Court in a subsequently filed matter.
 
 See State v. Bradley,
 
 02-1130, pp. 4-5 (La.App. 5 Cir. 3/11/03), 844 So.2d 115, 117-18,
 
 writ denied,
 
 01-1973 (La.6/14/02), 817 So.2d 1151.
 

 [2]
 

 . It is noted that on September 18, 2008, an appeal was dismissed by this Court after a motion was filed by defense counsel.