844 So.2d 111 (2003)
STATE of Louisiana
v.
Majuangy D. EVANS.
No. 02-KA-1108.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2003.
*112 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for State.
Bertha M. Hillman, Thibodaux, LA, for defendant-appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On March 27, 2001, the Jefferson Parish District Attorney filed a bill of information charging defendant, Majuangy D. Evans, with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A), which allegedly occurred on or about March 7, 2001. Defendant was arraigned on March 28, 2001 and pled not guilty. On August 28, 2001, the case was tried before a jury, which found defendant guilty as charged. Defense counsel orally moved for an appeal. The trial judge noted defense counsel's motion, but suggested to her that she might want to file some post-trial motions. The trial judge told her that they had to wait for sentencing, and that if she still wanted to appeal, she could file her motion at that particular time. Defense counsel indicated she understood.
On August 30, 2001, the state filed a multiple bill alleging defendant to be a third felony offender. On October 11, 2001, the trial court sentenced defendant to imprisonment at hard labor for 30 years without benefit of parole, probation, or suspension of sentence. Defendant denied the allegations of the multiple bill on that same date and orally moved for an appeal. On October 17, 2001, defendant filed a written motion for appeal that was granted. Defendant filed a combined motion to reconsider sentence and motion for appeal on November 15, 2001. The motion for appeal was granted, and the motion to reconsider sentence was set for hearing on November 27, 2001. The record does not indicate that this motion was ever ruled upon.
*113 On January 31, 2002, the state amended the multiple bill to a double bill. Also on that date, the trial court found defendant to be a second felony offender, vacated the original sentence, and sentenced defendant to imprisonment at hard labor for 45 years without benefit of probation or suspension of sentence. Defendant orally moved for reconsideration of sentence, but the trial judge stated he would "take it up" when defendant filed it.

ASSIGNMENT OF ERROR NUMBER ONE
This assignment of error seeks review of the appellate record for an error patent. Defendant specifically argues that he made an oral motion to reconsider sentence after the trial judge imposed the enhanced sentence, but that the motion was never considered by the trial court. He requests that this Court remand the matter for a ruling on his motion to reconsider sentence.
On appeal, defendant does not challenge the trial court's failure to rule on his first motion to reconsider sentence. Rather, he argues that the trial court erred by failing to rule on the oral motion to reconsider sentence he made after the enhanced sentence was imposed. Defendant contends that this matter should be remanded for a ruling on his motion. We will address the trial court's failure to rule on both motions.
Defendant was originally sentenced on October 11, 2001. He did not orally move for reconsideration of his sentence. On November 15, 2001, defendant filed a combined motion to reconsider sentence and motion for appeal. The trial judge signed the order located at the bottom of the motion, thereby granting the motion for appeal. The trial judge, in that same order, set the hearing on the motion to reconsider sentence for November 27, 2001. The record does not indicate that this motion to reconsider sentence was ever ruled upon.
LSA-C.Cr.P. art. 916 provides in pertinent part:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
. . . .
(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
The state argues that the trial judge had no jurisdiction to take any action on this motion to reconsider sentence because he had already signed the order granting the motion for appeal. However, LSA-C.Cr.P. art. 916 allows the trial judge to "take appropriate action pursuant to a properly made or filed motion to reconsider sentence." Therefore, we find that the trial judge erred by failing to rule on this motion to reconsider sentence even though he had already signed the order granting the appeal.
On January 31, 2002, the trial court found the defendant to be a second felony offender, vacated the original sentence and re-sentenced the defendant. Defendant then orally moved for reconsideration of that sentence. The trial court never ruled upon this motion.
LSA-C.Cr.P. art. 881.4 holds that if it is "necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing."
This Court, in State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, *114 affirmed the defendant's conviction and remanded the case for a ruling on a motion to reconsider sentence. This Court further explained that if the motion to reconsider was granted and the defendant was resentenced, he could appeal the new sentence. In addition, if the motion was denied or was already ruled on, the defendant must re-lodge his appeal within 60 days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
Therefore, we affirmed the defendant's conviction and remand this case to the trial court for rulings on defendant's motions to reconsider sentence. If there has been no disposition of the motions to date, the trial court is ordered to rule on the motions within 30 days of the appellate opinion. Following disposition of the motions to reconsider, defendant is authorized to relodge his appeal within 60 days of the date of the rulings on his motions, or the date of the appellate opinion, whichever is later. State v. Simmons, 00-1037 (La.App. 5 Cir. 2/28/01), 781 So.2d 821, 826; State v. Smith, 96-285 (La.App. 5 Cir. 10/1/96), 683 So.2d 826, 827.

ERROR PATENT DISCUSSION
In addition to the specific review of the record requested by defendant in assignment of error number one, the record was reviewed for other errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).
First, there are sentencing errors patent in the original and enhanced sentences. In the original sentence, the trial judge imposed the 30-year sentence without benefit of parole, probation, or suspension of sentence. However, LSA-R.S. 40:967(B)(4)(b) provides that only the first five years of the sentence should be without benefit of parole, probation, or suspension of sentence. With respect to the enhanced sentence, the trial judge imposed the 45-year sentence without benefit of probation or suspension of sentence. However, the trial judge failed to comply with the underlying statute which provides that the first five years of the sentence should be without benefit of parole, probation, or suspension of sentence. LSA-R.S. 40:967(B)(4)(b). Nevertheless, since we are remanding this matter for rulings on the motions to reconsider sentence, it is premature to address these patent sentencing errors.
Second, the record reflects the trial judge did not advise the defendant of his multiple offender rights, as required by LSA-R.S. 15:529.1, which provides that the trial court shall inform the defendant of the allegations contained in the information and of his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. LSA-R.S. 15:529.1 implicitly requires that the trial court advise the defendant of his right to remain silent. State v. Dearmas, 606 So.2d 567, 569 (La.App. 5 Cir.1992), overruled on other grounds in State v. Davis, 01-123, p. 10 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 131. The trial judge also failed to inform the defendant of this right. In State v. Dearmas, this Court held that the failure of the trial court to advise the defendant of his right to a trial and to remain silent was harmless error where the multiple offender status was established by competent evidence offered by the state at the hearing, rather than by the admission of the defendant.
In the instant case, defense counsel, on behalf of defendant, denied the allegations of the multiple bill on October 11, 2001. On that same date, the state presented competent evidence at the multiple offender *115 hearing to establish the defendant's multiple offender status. The record indicates that defendant did not testify or make any comments during the multiple bill hearing. Therefore, the trial court's failure to advise the defendant of the specific allegations against him and of his right to be tried and to remain silent was harmless error. State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 583.
The record does not indicate that the defendant admitted or denied the allegations of the amended multiple bill. The right was waived, however, when defendant did not lodge an objection on this basis prior to the hearing on the multiple bill. LSA-C.Cr.P. art. 555; State v. Richmond, 98-1015 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 39.
In accordance with the above, we affirm defendant's conviction and remand this case to the trial court for rulings on the defendant's motions to reconsider his sentence.
CONVICTION AFFIRMED; CASE REMANDED.