998 So.2d 165 (2008)
STATE of Louisiana
v.
Yves BOURGEOIS.
No. 08-KA-211.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis-Appellate Counsel, Churita Hansell-Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, for The State of Louisiana.
James A. Williams, Brian J. Evans, Gretna, LA, for Appellant, Yves Bourgeois.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and MADELINE JASMINE, Pro Tempore.
*166 SUSAN M. CHEHARDY, Judge.
On May 20, 2005, the Jefferson Parish District Attorney filed a bill of information charging defendant, Yves Bourgeois, with possession of cocaine in violation of La. R.S. 40:967 C. Defendant was arraigned and entered a plea of not guilty. On November 7, 2006, the matter proceeded to trial before a six-person jury who found defendant guilty as charged. On November 17, 2006, the trial judge sentenced defendant to imprisonment at hard labor for five years.
On that same day, the State filed a bill of information alleging defendant had three previous felony convictions and defendant denied those allegations. Defendant filed a written objection to the multiple offender bill of information. At a subsequent hearing, defense counsel stipulated that defendant was the same person who pled guilty to the prior predicate offenses but objected to the use of the prior pleas on two bases: one, that defendant's pleas were not voluntary because he was not properly informed of his constitutional rights and two, that defendant's 2001 guilty pleas were accepted on the same date. The trial judge took the matter under advisement and later found defendant to be a fourth felony offender. On May 4, 2007, the trial judge vacated the original sentence and sentenced defendant to imprisonment at hard labor for 20 years pursuant to La. R.S. 15:529.1. The trial judge subsequently granted defendant's motion for out-of-time appeal.
On appeal, defendant raises two assignments of error. First, defendant argues that the sentencing judge improperly found that defendant was a fourth felony offender because his predicate offense should not have been used to enhance the penalty for his underlying offense since the trial judge that accepted those guilty pleas failed to advise the defendant that he was waiving his right "to cross-examine witnesses against him" before the defendant pled guilty. Second, the defendant argues that his enhanced sentence is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. In light of our error patent review, we pretermit discussion of defendant's assigned errors.
In this case, defendant requested an error patent review.[1] Our review reveals that the trial judge did not advise defendant of his rights, as required by La. R.S. 15:529.1, at the hearing where defendant stipulated to his identity with respect to the three predicate convictions.[2]
*167 La. R.S. 15:529.1(D)(1)(a) provides, in pertinent part, that the trial judge "shall inform [defendant] of the allegation contained in the [multiple offender bill of] information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." State v. Morgan, 06-529, p. 22 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 213. La. R.S. 15:529.1 also implicitly requires that the trial court advise defendant of his right to remain silent. Id. Generally, a trial court's failure to advise the defendant of his right to a hearing and his right to remain silent is considered harmless error, when the defendant's multiple offender status is established by competent evidence offered by the State at a hearing, rather than by admission of the defendant. State v. Knight, 01-881, p. 4 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 949.
In this case, defense counsel stipulated, on March 16, 2007, that defendant was the same person who pleaded guilty to the three predicate offenses and, therefore, a fingerprint expert was unnecessary. The record reflects that, during the ensuing hearing, the trial court did not advise the defendant of his right to a formal hearing; to have the State prove its case under the multiple offender statute, i.e. his identity; or of his right to remain silent. We find that defendant was not informed of his statutory rights under La. R.S. 15:529.1(D). Without such advice, defendant's acknowledgment or confession of his prior felony convictions is invalid.
Further, although the State presented certified copies of defendant's predicate convictions, it did not present proof that defendant was the same person that pled guilty to those offenses. We find, therefore, that the State did not establish proof of the prior convictions by competent evidence.
Since we have found that defendant was not informed of his rights pursuant to La. R.S. 15:529.1(D) and the State did not establish proof of the prior convictions by competent evidence, we must reverse defendant's multiple offender adjudication and vacate the enhanced sentence. State v. Schnyder, 06-29, p. 11 (La.App. 5 Cir. 6/28/06), 937 So.2d 396, 403. We note that defendant is not protected by principles of double jeopardy from being tried again on the question of the prior felony conviction. State v. Johnson 432 So.2d 815, 817 (La.1983); State v. Hill, 340 So.2d 309 (La.1976); Id.
For these reasons, the district court's ruling on defendant's multiple offender adjudication is reversed and defendant's enhanced sentence is vacated. This matter is remanded to the trial court for proceedings consistent with this opinion.
REVERSED, VACATED, AND REMANDED.
NOTES
[1] This Court routinely reviews records for errors patent, in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether a defendant makes such a request.
[2] As part of an error patent review, this Court has typically reviewed the record to determine whether the defendant was advised of his statutory rights under La. R.S. 15:529.1. See State v. Hopson, 97-509, p. 6 (La.App. 5 Cir. 11/25/97), 703 So.2d 767, 771; State v. Carter, 96-358, pp. 17-18 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 355; State v. Taylor, 597 So.2d 123, 126 (La.App. 5 Cir. 1992). In State v. Bradley, 00-1090, pp. 5-6 (La.App. 5 Cir. 6/27/01), 791 So.2d 156, 159, writ denied, 01-1973 (La.6/14/02), 817 So.2d 1151, on error patent review, this Court noted the trial court's failure to advise defendant of his rights under La. R.S. 15:529.1 before the defendant stipulated to the allegations of the multiple bill. Consequently, this Court vacated defendant's multiple offender adjudication and sentence. Cf., State v. Evans, 02-1108, p. 6 (La.App. 5 Cir. 3/11/03), 844 So.2d 111, 114-15; State v. Brooks, 00-953, pp. 10-11 (La.App. 5 Cir. 2/11/03), 841 So.2d 854, 861; State v. Ruffin, 02-798, pp. 17-19 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 636-37, writ denied, 03-3473 (La. 12/10/04), 888 So.2d 831; State v. Monroe, 00-1354, p. 21 (La.App. 5 Cir. 3/28/01), 784 So.2d 29, 43, writ denied, 01-1280 (La.5/8/02), 815 So.2d 828; and State v. Haywood, 00-1584, p. 19 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 582-83(this Court ultimately concluded that the error was harmless because the State presented competent evidence of the defendants' multiple offender status at a contradictory hearing).