JUDE G. GRAVOIS, Judge.
^Defendant, Kenneth W. Proctor, was convicted of possession of cocaine, a violation of LSA-R.S. 40:967(C). He now appeals his adjudication as a fourth felony-offender, arguing that the State failed to prove one of the predicate convictions. He also argues that his multiple offender sentence is excessive. Finding no error in the adjudication, we affirm defendant’s adjudication as a fourth felony offender. We further find that defendant’s sentence is not excessive. Finding that defendant’s sentence is indeterminate, however, we vacate the sentence and remand with instructions. On remand, the trial court is further instructed to properly inform defendant of the prescriptive period within which to apply for post-conviction relief.

FACTS

The facts regarding defendant’s conviction for the underlying offense of possession of cocaine are not germane to the issues brought in this appeal |3pertaining to his sentencing as a multiple offender. Following defendant’s conviction on June 9, 2009 for possession of cocaine, the State filed a multiple offender bill of information charging that defendant was a fourth felony offender. On December 16, 2010, defendant was adjudicated a fourth felony offender. Defendant’s original sentence was vacated, and he was resentenced to 20 years imprisonment.
ASSIGNMENT OF ERROR NUMBER ONE — Sufficiency of the evidence

The trial court etred in adjudicating Mr. Proctor to be a fourth felony offender.

In his first assignment of error, defendant argues that the evidence is insufficient to prove beyond a reasonable doubt that he was the person convicted of multiple offender theft in 1997 in case number 388^440 in Criminal District Court for the Parish of Orleans, as alleged in the multiple bill, which was entered into evidence as State’s Exhibit 3. Defendant does not appear to attack the validity of the other convictions. Defendant asserts that the State’s latent print expert was unable to verify that the fingerprints from case number 388-440 were in fact his. Defendant concludes that the State therefore did not produce sufficient evidence to prove identity in one of the predicate convictions, and accordingly, he should not have been adjudicated a fourth felony offender.
The State counters that it established the existence of the prior counseled guilty pleas and that defendant failed to establish any irregularity in the taking of the pleas. The State further contends that defendant did not deny the existence of any of the prior guilty pleas.
Defendant’s multiple offender adjudication was held on November 9, 2010. Donna Quintanilla was offered by the State as an expert in latent print examination |4and comparison and was accepted by the Court without objection. The State provided Ms. Quintanilla with four exhibits and questioned her about them on direct examination.
Ms. Quintanilla identified State’s Exhibit 1 as a ten-print fingerprint card that she had obtained from defendant, Kenneth Proctor, on that same date. She further identified defendant in the courtroom. Next, Ms. Quintanilla reviewed State’s Exhibit 2, which contained a set of fingerprints from 24th Judicial District Court case number 00-0044. After comparing the prints from State’s Exhibit 2 and State’s Exhibit 1, Ms. Quintanilla conclud *531 ed that the fingerprints were made by the same person. This finding was verified by another latent print examiner, Sergeant Joel Olear.
The State then introduced State’s Exhibit 3, a “cert-pack for 388440” from Division “K” of New Orleans Criminal District Court. Ms. Quintanilla was unable to compare the prints in Exhibit 3 to those in State’s Exhibit 1 because they were not legible. On cross-examination, Ms. Quin-tanilla reiterated that she could not make an identification on the fingerprints contained in State’s Exhibit 3. She also testified that she was not present during any of defendant’s prior pleas.
State’s Exhibit 4 consisted of a “cert-pack from case number 94-5469,” which originated in Division “P” of the 24th Judicial District Court. Ms. Quintanilla concluded that the person who made the fingerprints in Exhibit 4 also made the fingerprints in Exhibits 1 and 2.
The multiple offender proceeding resumed on December 16, 2010, at which time defendant testified. Defendant testified that he had been addicted to drugs for the last fifteen years and that all of his previous convictions were drug-related. Defendant also stated that his mother passed away at the time when his case was lflset for trial, and that his brother had been fatally wounded by a gunshot the day before his testimony.
The Louisiana Supreme Court has held that even in the absence of fingerprints, a predicate conviction may be proven by competent evidence. In State v. Payton,[1] defendant argued that the State failed to prove one of his predicate convictions because of the lack of the defendant’s fingerprints on the bill of information and guilty plea form. In rejecting this argument, the Court reasoned:
Although defense counsel focused on the lack of defendant’s fingerprints on the bill of information and guilty plea form, this Court has held a conviction may be maintained by other competent evidence. “This Court has repeatedly held that [the Habitual Offender Act] does not require the State to use a specific type of evidence to carry its burden at an habitual offender hearing and that prior convictions may be proved by any competent evidence.” State v. Lindsey, 770 So.2d at 344 n. 3 (citations omitted) (emphasis added). As such, we are unpersuaded by defense counsel’s argument.
In this case, State’s Exhibit 2 contains a bill of information, fingerprint card, bill of information, Boykin form, minute entries and commitments for 24th Judicial District Court case number 00-0044. In case number 00-0044, defendant stipulated to the multiple offender bill of information, for which one of the predicate convictions used was case number 388-440 arising from Division “K” in Orleans Parish. Specifically, the multiple offender bill of information read with respect to that particular offense:
... KENNETH PROCTOR was duly charged in case number 388-440 of the docket of Division ‘K’ of the Criminal District Court of the State of Louisiana, in and for the Parish of Orleans, with the crime of violating Louisiana Revised Statute 14:67(D), relative to Multiple Offender Theft, a felony under the law of Louisiana; that afterwards the said KENNETH PROCTOR pled guilty as charged guilty [sic] on the -20th day of May, 1997 and was sentenced by the Court, on the 20th day of May, 1997, to serve one year at hard labor in the custody on the Director of the Department of Corrections.
*532 ^State's Exhibit 3 contains a bill of information, Boykin form, minute entries and arrest register for case number 388-440 arising from Division “K” in Orleans Parish. The information in Exhibit 3 correlates to the multiple offender bill in State’s Exhibit 2. Specifically, the defendant in case number 388^140 is “Kenneth Proctor.” The defendant was charged with violating LSA-R.S. 14:67(D). The defendant pled guilty as charged on May 20, 1997, and was also sentenced on that date to one year in the custody of the Department of Corrections.
Because the State was able to match the certified copy of defendant’s Multiple Offender Theft conviction in State’s Exhibit 3 to State’s Exhibit 2 through the defendant’s name, case number, and date of guilty plea, we find that the State met its burden of proving that defendant was the same person who pled guilty in Orleans Parish case number 388-440.[2]
Furthermore, defendant has failed to show any irregularity in the prior guilty pleas. Where the prior conviction resulted from a plea of guilty, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to this plea of guilty, as required by Boykin v. Alabama,[3] The Louisiana Supreme Court set forth the burden of proof in multiple offender proceedings in State v. Shelton.[4] This Court summarized that burden in State v. Conrad,[5] as follows:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the |7guilty plea. In doing so, the State must produce either a ‘perfect’ transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an ‘imperfect’ transcript. If anything less than a ‘perfect’ transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant’s prior guilty plea was informed and voluntary.
In this case, for each of the defendant’s predicate convictions used, the record shows that the State proved (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Conversely, the record does not reflect that defendant presented affirmative evidence showing an infringement of his rights, or a procedural irregularity in the taking of the previous pleas. Accordingly, we find no merit to this assignment of error.
ASSIGNMENT OF ERROR NUMBER TWO — Excessive sentence

The sentence is constitutionally excessive.

Defendant next argues that the minimum sentence of 20 years as a fourth *533 felony offender is excessive considering the facts of the instant offense as well as his prior criminal history.
Defendant did not file a motion to reconsider sentence. Accordingly, we conduct a review of his sentence for constitutional excessiveness only.[6]
 Both the United States and the Louisiana Constitution prohibit the imposition of excessive or cruel punishment.[7] A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering.[8] If the trial judge finds that an enhanced |spunishment mandated by the Habitual Offender Law, LSA-R.S. 15:529.1, makes no “measurable contribution to acceptable goals of punishment” or that the sentence amounts to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the court has the option and duty to reduce such sentence to one that would not be constitutionally excessive.[9]
At the time of defendant’s underlying conviction, defendant faced a sentencing range of twenty years to life under LSA-R.S. 15:529.1. It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional.[10] A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the particular case before it that would rebut this presumption of constitutionality. In order to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional; that is, because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.[11]
The record must contain substantial evidence to rebut the presumption of constitutionality. The “trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant.” [12] The Louisiana Supreme Court has strongly emphasized that ^downward departures from a mandatory minimum sentence should only occur in rare situations.[13]
In this case, defendant’s testimony at the multiple bill hearing consisted merely of his assertion that he had been addicted to drugs for the past fifteen years, and that his addiction accounted for all of his previous convictions. Defendant also stated that his mother passed away at the time when his case was set for trial, *534 and that his brother had been fatally wounded by a gunshot the day before his testimony. Defendant made no showing of exceptional circumstances to justify a downward departure from the mandatory minimum sentence.[14] Accordingly, we find that the minimum sentence imposed upon defendant as a fourth felony offender is not excessive. This assignment of error is without merit.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920, State v. Oliveaux,[15] and State v. Weiland.[16]
The commitment indicates that defendant was sentenced to “imprisonment at hard labor for a term of 20 years.” However, the transcript shows the trial judge failed to specify that the sentence was to be served at hard labor. The transcript prevails.[17] Because defendant was sentenced prior to the 2010 amendment to LSA-R.S. 15:529.1(G), which made hard labor mandatory in multiple offender | insentences,[18] and because the applicable sentencing statute, LSA-R.S. 40:967(C),[19] allows the trial court discretion in determining whether or not to impose a sentence at hard labor, the failure to indicate whether the multiple offender sentence is to be served at hard labor constitutes an impermissible indeterminate sentence.[20] Accordingly, we must vacate the multiple offender sentence imposed by the trial court and remand for resentencing.[21]
We note that the multiple offender bill of information incorrectly reflects that defendant’s underlying charge was a violation of LSA-R.S. 40:966(C). The defendant was actually charged and convicted of a violation of LSA-R.S. 40:967(C).[22]
The purpose of a bill of information is to inform a defendant of the nature *535 and cause of the accusation against him.[23] A clerical error does not require dismissal of a bill of information or for reversal of a conviction if the error did not mislead the defendant to his prejudice.[24]
In this case, there is no indication that defendant was prejudiced by this clerical error. Defendant knew the underlying conviction upon which the multiple bill of information was based because it contained the correct case number and section of court. Also, the underlying conviction had been obtained only several weeks before the multiple offender bill was filed. Therefore, there was no prejudice to defendant.
1 nAlso, the trial judge failed to advise defendant of the time period within which to apply for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8. Accordingly, this matter is remanded to the trial court to properly inform defendant of the prescriptive period upon resentencing, and to file written proof in the record that defendant has received such notice.

CONCLUSION

For the above reasons, we affirm defendant’s adjudication as a fourth felony offender. We further find that defendant’s sentence is not excessive. Finding that defendant’s sentence is indeterminate, however, we vacate the sentence and remand for resentencing in accordance with the instructions set forth above. We further instruct the trial court to properly inform defendant of the prescriptive period within which to apply for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8, upon resentencing, and to file written proof in the record that defendant has received such notice.

MULTIPLE OFFENDER ADJUDICATION AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS

. 00-2899 (La.3/15/02), 810 So.2d 1127.

. See State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321.

. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. 621 So.2d 769 (La.1993).

. 94-232, pp. 3-4 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345.

. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342.

. U.S. Const, amend. VIII; La. Const, of 1974, art. I, § 20.

. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.

. State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993).

. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.

. State v. Lindsey, 99-3256 c/w 99-3302 (La. 10/17/00), 770 So.2d 339, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001); State v. Johnson, supra.

. State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 927, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477.

. State v. Lindsey, supra; State v. Johnson, supra.

. See, State v. Bell, 42,394 (La.App. 2 Cir. 12/5/07), 972 So.2d 1207, where the court upheld the minimum mandatory sentence for a fourth felony offender who claimed drug abuse, among other factors, as factors justifying a downward departure. See also State v. Wuneburger, 03-490 (La.App. 5 Cir. 10/15/03), 860 So.2d 78, writ denied, 03-3357 (La. 1/7/05), 891 So.2d 673, where this Court found no merit in the defendant’s claim that his sentence as a third felony offender was excessive and that his family background, which included an alcoholic mother, the suicide death of his sister, and the loss of his father at an early age, as well as his own history of drug abuse, justified a deviation from the mandatory life sentence.

. 312 So.2d 337 (La.1975).

. 556 So.2d 175 (La.App. 5 Cir.1990).

. State v. Lynch, 441 So.2d 732, 734 (La.1983).

. Prior to its amendment by Acts 2010, No. 69, LSA-R.S. 15:529.1(G) contained no explicit requirement that offenders sentenced under the provisions of the Habitual Offender Law be sentenced to a term of imprisonment at hard labor, even as a fourth felony offender. As previously noted by this Court, the multiple offender statute in effect at the time the offense is applicable. State v. Fletcher, 01-809 (La.App. 5 Cir. 2/26/02), 811 So.2d 1010. In this case, the underlying offense was committed on June 16, 2008. However, the change to LSA-R.S. 15:529.1(G) did not become effective until June 10, 2010.

. LSA-R.S. 40:967(C) provides in relevant part: (2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.

. State v. Norman, 05-794, p. 8 (La.App. 5 Cir. 3/14/06), 926 So.2d 657, 661, writ denied, 06-1366 (La. 1/12/07), 948 So.2d 145.

. See State v. Duplichan, 06-852 (La.App. 3 Cir. 12/6/06), 945 So.2d 170, 174, writ denied, 07-148 (La.9/28/07), 964 So.2d 351.

. State v. Proctor, 09-956 (La.App. 5 Cir. 5/24/11), 66 So.3d 59.

. Louisiana Constitution, Article I, § 13.

. LSA-C.Cr.P. 464, and State v. Carey, 04-1073, p. 8 (La.App. 5 Cir. 3/29/05), 901 So.2d 509, 513.