MARC E. JOHNSON, Judge.
| gDefendant, David Dee, was indicted on July 10, 2007, with armed robbery in violation of La. R.S. 14:64. He pled not guilty and proceeded to trial on March 4 and 5, 2009, before a 12-person jury that unani *1155 mously found him guilty as charged. The State later filed a multiple offender bill of information alleging defendant to be a third felony offender.[1] A multiple bill hearing was held on July 7 and August 4, 2009. After taking the matter under advisement, the trial judge adjudicated defendant a third felony offender and, on November 3, 2009, sentenced him to life imprisonment at hard labor without benefit of parole, ^probation or suspension of sentence.[2] In this appeal, defendant claims his enhanced life sentence is constitutionally excessive.

FACTS

Shortly after 10:00 a.m. on June 5, 2007, Anitra Gros, a teller at the Regions Bank in Vacherie, was at her station when a man walked in the door, stood there for a moment, and then approached her window. The man handed her a purple bag and told her to fill it. According to Ms. Gros, the man pulled a shiny object from his jacket or pants. An image from the bank’s surveillance video showed the man pointed a gun in the teller’s direction. Ms. Gros followed bank procedure and complied with the man’s demands.
Another teller at the bank, Georgia Hy-mel, saw that Ms. Gros was being robbed and pressed the silent alarm. Myrtle Fel-ton, whose teller station is next to Ms. Gros, also witnessed the robbery. Ms. Felton testified that the man told Ms. Gros to give the bag to her after filling it, but Ms. Gros apparently did not hear him and gave the bag back to the man. The man then fled the bank with the bag full of money.
Immediately thereafter, Ms. Hymel went to lock the front doors of the bank. As she did so, she noticed a photo identification (ID) card and some child support papers on the floor. Ms. Hymel recognized the person in the photo ID as the man who robbed the bank. She showed the ID card to Ms. Gros and Ms. Felton, who both said the man in the photograph was the man who had just robbed the bank. Ms. Hymel then locked the front doors, which was standard procedure after a robbery.
Lin response to a 911 robbery call, the police arrived at the bank at approximately 10:30 a.m. During their investigation, the police learned that $3,717.00 was stolen from the bank, and that defendant’s ID card and some child support papers bearing defendant’s name were found on the floor of the bank. The ID card was current, and it was learned that the address on the child support papers was that of defendant’s ex-girlfriend.
Ms. Gros indicated that no one else could have dropped those items on the floor, as no other customers entered the bank from the time the robber came in until the time he left and no other customers came into the bank after she was robbed. Additionally, Ms. Gros did not notice anything on the floor before the *1156 robber entered the bank. Video surveillance of the robbery confirmed that nothing was on the bank floor before defendant entered the bank, but papers appeared on the floor after defendant exited.
Approximately one month after the robbery, defendant was apprehended in Colorado. The gun, the bag, and the money were never recovered.
At trial, the jury viewed the videotape of the robbery, which was captured by a surveillance camera inside the bank. Also at trial, both Ms. Gros and Ms. Felton positively identified defendant in court as the person who robbed Ms. Gros at the bank.

DISCUSSION

In his sole assignment of error, defendant argues his mandatory life sentence as a multiple offender at age 36 is constitutionally excessive. He contends the mandatory sentence is too harsh considering the facts of the case and his previous criminal history. Defendant asserts that his two prior convictions occurred nearly ten years earlier when he was in his twenties, and that both of his prior convictions, which were for kidnapping, occurred close in time to one another. He states that |ssince 2001, he has had no criminal convictions. Defendant points out that no one was hurt or seriously threatened during the instant bank robbery, and that his financial desperation based on his child support obligations should have mitigated the sentence and justified a downward departure under Dorthey[3] to allow him a chance for rehabilitation. He claims the trial judge did not account for any mitigating factors under La.C.Cr.P. art. 894.1.
After finding defendant was a third felony offender and that his three felony convictions were crimes of violence under La. R.S. 14:2(B), the trial court sentenced defendant to life imprisonment, as mandated by La. R.S. 15:529.1. In sentencing defendant, the trial judge stated that he had reviewed the pre-sentence investigation (PSI) report and considered his prior offenses and criminal record as well as his social history. The trial judge found there was an undue risk that during the period of a suspended sentence, defendant would commit another crime; that defendant was in need of correctional treatment or a custodial environment, which could be provided most effectively by his commitment to an institution; and that anything less than the sentence imposed would deprecate the seriousness of defendant’s crime. The trial judge noted defendant’s history of crimes against a person and the crimes of violence committed by defendant starting in 1990 and through his present offense. He further noted there was no indication of even the slightest remorse by defendant, and that defendant continued to deny the incident. The trial judge also referenced the emotional effect of the crime on the victim as explained in the PSI.
The trial judge specifically stated he considered all factors mentioned in La. C.Cr.P. art. 894.1. In addition to the positive findings under Subsections A(l), (2), and (8), the trial judge made the following positive findings under Subsection B: R(5) the offender knowingly created a risk of death or great bodily harm to more than one person; (6) the offender used threats of or actual violence in the commission of the offense; and (19) the offender used a firearm or other dangerous weapon while committing or attempting to commit an offense, which had as an element the use, attempted use, or threatened use of physical force against the person or property of another, and which by its very nature, involved a substantial risk that physical *1157 force might be used in the course of committing the offense. Furthermore, the trial judge noted that he considered defendant’s age, work status, and social history.
After sentencing, defendant filed a timely motion to reconsider sentence arguing that the sentence was excessive and that the trial judge arbitrarily formulated his sentence using a PSI without properly considering the mitigating factors outlined in La.C.Cr.P. art. 894.1. The trial judge denied the motion.
La. R.S. 15:529.1 A(l)(b)(ii) provides that if the third felony and the two prior felonies are felonies defined as a crime of violence under La. R.S. 14:2(B), the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. In the instant case, defendant was convicted of armed robbery, and his two prior felonies were simple kidnappings. Armed robbery and simple kidnapping are defined as crimes of violence under La. R.S. 14:2(B)(17) and (21), respectively as such, the mandatory sentence for defendant was life imprisonment.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes 17needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. Id.
The life sentence imposed in the instant case is the minimum allowed by statute. It is presumed that a mandatory minimum sentence under the Multiple Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 675. However, if the trial judge finds that an enhanced punishment mandated by La. R.S. 15:529.1 makes “no measurable contribution to acceptable goals of punishment” or that the sentence amounts to nothing more than “the purposeless imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the trial judge has the option and duty to reduce the sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). Nevertheless, downward departures from a mandatory minimum sentence should occur only in rare situations. Johnson, 709 So.2d at 676.
| sIn order to rebut the presumption of constitutionality, the defendant must make a clear and convincing showing that he is exceptional; that is, because of un *1158 usual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Proctor, 11-286 (La.App. 5 Cir. 11/15/11), 80 So.3d 527, 533. The record must contain substantial evidence to rebut the presumption of constitutionality. “The trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant.” Id.
We first note that defendant’s argument regarding the trial court’s failure to articulate the mitigating factors considered for sentencing as required by La. C.Cr.P. art. 894.1 lacks merit. Compliance with sentencing guidelines pursuant to Article 894.1 is not required when the sentence imposed is statutorily prescribed under the Multiple Offender Law. State v. Howard, 10-541 (La.App. 5 Cir. 4/26/11), 64 So.3d 377, 385, writ denied, 11-1073 (La.12/2/11), 76 So.3d 1173.
Regarding defendant’s assertion that the trial court should have deviated below the mandatory minimum enhanced life sentence, defendant did not move the trial court to consider a downward departure at the time of sentencing, nor did he attempt to meet his burden of showing, by clear and convincing evidence, that his is one of the rare cases in which a downward departure is warranted. Moreover, the record supports the sentence imposed. The PSI reflects that defendant has had an extensive criminal history since 1990, including a history of crimes of violence.[4] Additionally, as the trial judge noted, there is no evidence that defendant has shown any remorse for committing the instant offense.
| nLastly, courts have upheld mandatory life sentences for defendants convicted of armed robbery and later found to be third felony offenders, despite the youthful age of the offender. In State v. Stevenson, 02-769 (La.App. 5 Cir. 1/28/03), 839 So.2d 340, writ denied, 03-833 (La.10/31/03), 857 So.2d 472, this Court upheld an enhanced life sentence for a 29-year-old defendant, who was found to be a fourth felony offender following an armed robbery conviction. Also, in State v. Lee, 35,333 (La.App. 2 Cir. 1/23/02), 807 So.2d 359, writ denied, 02-644 (La.1/31/03), 836 So.2d 60, the Second Circuit upheld an enhanced life sentence for a 24-year-old defendant, who was found to be a third felony offender following an armed robbery conviction.
We find defendant has failed to rebut the presumption that his mandatory life sentence is constitutional. Defendant put forth no facts that he is exceptional. Defendant was an adult at the time of all three convictions, which were all crimes of violence against the person, and we find his argument regarding his “youthful” age of 36 unpersuasive. Accordingly, we find defendant’s life sentence is not constitutionally excessive.

ERROR PATENT REVIEW

We have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), and find that the trial court failed to advise defendant of his multiple offender rights as required by La. R.S. 15:529.1(D)(l)(a). Generally, a trial court’s failure to advise *1159 defendant of his right to a hearing and his right to remain silent is considered harmless error, when defendant’s multiple offender status is established by competent evidence offered by the State at a | shearing, rather than by admission of the defendant. State v. Bourgeois, 08-211 (La.App. 5 Cir. 10/28/08), 998 So.2d 165, 167.
In the instant case, the State introduced proof of defendant’s identity to the alleged predicate offenses through certified conviction packets and the testimony of fingerprint experts. Thus, we find that the failure to advise defendant of his right to remain silent is not reversible because defendant’s multiple offender status was established by competent evidence offered by the State at a hearing rather than by admission of defendant.

DECREE

Accordingly, defendant’s conviction for armed robbery and adjudication as a third felony offender and enhanced life sentence are affirmed.

CONVICTION, MULTIPLE OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED

. The State initially filed a multiple bill alleging defendant to be a second felony offender, but later amended the multiple bill to assert defendant was a third felony offender. Defendant denied the allegations of both the original and amended multiple bills.

. It is noted that defendant had not been sentenced on the underlying conviction before the trial court imposed the enhanced sentence. Under La. R.S. 15:529.1(D)(3), a trial court shall vacate a defendant’s previous sentence “if already imposed’’ before sentencing him as a multiple offender. Nothing in La. R.S. 15:529.1 mandates a sentence be imposed on the underlying sentence before the sentence on the multiple bill. See State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 460, n. 8; and State v. Hills, 98-507 (La.App. 4 Cir. 1/20/99), 727 So.2d 1215, 1218.

. State v. Dorthey, 623 So.2d 1276 (La.1993).

. Although the PSI was not placed into the record under seal, the report is considered confidential under La.C.Cr.P. art. 877. Accordingly, though this Court has reviewed the PSI, we will not disclose its contents in this opinion. See State v. Phillips, 09-455 (La.App. 5 Cir. 3/9/10), 39 So.3d 610, 618, n. 7.