MARION F. EDWARDS, Judge.
| j>This is defendant-appellant Eric Williams’ (“Williams”) second appeal. This Court has previously affirmed his convictions for armed robbery, aggravated battery, and possession of a firearm while in possession of marijuana.[1] The case was remanded for the trial court to consider Williams’ Motion to Reconsider Sentence. That motion was ultimately denied, and Williams now appeals his sentence.
The facts were delineated in our previous opinion. For purposes of the present appeal, it is sufficient to note the following: On April 13, 2002, a suspect, later identified as Williams, broke the front glass door of the Popeye’s on Lapalco Boulevard, and, as the manager, Teresa Levy, attempted to dial 911, flung the telephone, picked her up by her shirt, and threw her backwards against a wall. In the course of the robbery, he pointed a gun to the side of her head and told her he would kill her. She heard the gun click. The man flung Levy down in the service area and then told the other people in the restaurant to go to the back, chasing them as they did so. He grabbed the manager, struck her on the side of the head with the bottom of the gun, and the gun discharged. The manager sustained a fractured |sskull that required medical treatment. She testified that the man took approximately $3,200.
An investigation led to Williams’ residence. During a search, Williams emerged from one of the rooms and screamed at the detectives. A detective looked into that room and saw a handgun sitting on a shelf. When he entered the room, he saw a shotgun leaning against the wall, a large bag of marijuana, and money on the shelves.
A jury found Williams guilty as charged. The trial court sentenced him to imprisonment at hard labor for eighty-five years on Count 1 (armed robbery), ten years on Count 2 (aggravated battery), and ten years on Count 3 (possession of a firearm while in possession of marijuana), with all sentences to run consecutively for a total of 105 years, without benefit of parole, probation, or suspension of sentence on Count 1. The trial court also ordered Williams to pay a $1,000 fine in connection with Count 3.
Williams argues that his 105-year consecutive sentence is constitutionally excessive because he is a twenty-six-year-old first-time offender with no chance at rehabilitation; the trial judge failed to mention any of the mitigating factors, such as his admission to possessing guns and drugs at the time of his arrest and to being a drug abuser; and the trial judge ordered the sentences to run consecutively even though the armed robbery and aggravated battery were part of the same act or transaction.
At the sentencing hearing the trial court stated as follows:
The facts of this case were extreme. The Defendant used violence against the victim in this case. The Court, during the course of the trial, observed photographs of that. It was a brutal attack, it *6 was a brutal crime, the type of crime that will not be tolerated by this Court and not be tolerated in Jefferson Parish.
My sentence is particularly tailored to the facts of this case, this Defendant’s actions, and I sentence him as follows ....
|4On our remand, the trial judge denied the Motion to Reconsider without providing Reasons, only stating that, “Upon review of the record and legal pleadings, this court concludes that the defendant is not entitled to reconsideration of sentence.”
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness.[2] A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering.[3] A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence.[4] Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender.[5] In determining whether a sentence is excessive, the test imposed on the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1.[6] The trial judge “shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence.” LSA-C.Cr.P. art. 894.1(C). However, when the trial judge fails to articulate every circumstance listed in the | .¡sentencing guidelines, a remand is not necessary if there is an adequate factual basis for the sentence contained in the record.[7]
Important elements that should be considered are the defendant’s personal history, prior criminal record, seriousness of the offense and the likelihood of rehabilitation.... Past criminal behavior that does not result in conviction is also a proper consideration at sentencing....
After determining whether the provisions of La.C.Cr.P. art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. ... [8]
A reviewing court should also consider sentences imposed for similar crimes by the same court and other courts.[9]
*7 The penalty for armed robbery is imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64(B). The penalty for aggravated battery is a fine of not more than $5,000, imprisonment with or without hard labor for not more than ten years, or both. LSA-R.S. 14:34. The penalty for possession of a firearm while in possession of marijuana is a fine of not more than $10,000 and imprisonment at hard labor for not less than five nor more than ten years without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:95(E). Therefore, Williams’ eight-five-year sentence on the armed robbery conviction was well in the upper range, and his ten-year sentences on the other two counts were the maximum he could have received.
Rln the instant case, Williams injured the manager of the Popeye’s during the armed robbery and his actions put the manager and the other individuals in the restaurant in danger of losing their lives.
Courts have upheld upper-end sentences for armed robbery convictions in factual situations where the defendants were first felony offenders and the victims were physically injured.[10] In these cases, we note the victims were shot, more than one robbery was involved, and, in one case, a rape was perpetrated during the commission of the robbery. On the other hand, we have also applied the parameters of State v. Smith, supra, when considering whether a sentence for armed robbery is excessive. In Smith, the defendant brandished a gun and ordered everyone in the store to lie on the floor, fled, and then shot at their pursuers. The Louisiana Supreme Court stated that sentences of thirty-five to fifty years have been found to be acceptable for first offenders convicted of armed robbery, the trial judge did a thorough job of reviewing the aggravating and mitigating factors, and the fifty-year sentence was within the acceptable range.[11] In State v. Armstead, supra, we held that the fifty-year sentence imposed, although at the upper end, was within the thirty-five to fifty-year range of Smith. Although we are not constrained by the guidelines of Smith, we have routinely applied it in other armed robbery cases when determining excessiveness.[12]
Here, we must determine whether the sentence imposed is too severe given the circumstances of the case and the background of Williams. In the present case, the trial court, stating it was tailoring the sentence to the facts of the case, found 17simply that Williams used violence and that it was a brutal attack without discussing aggravating and mitigating factors. Williams had no prior criminal history, and the likelihood of rehabilitation was not ad *8 dressed.[13] There was no pre-sentence investigation, but the record on appeal shows that Williams was in possession of both marijuana and a gun when he was arrested. Regarding his background, the record only shows that Williams had been in special education but did not complete high school and that he was unemployed following an accident but had been a laborer.
The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. LSA-C.O.P. art. 881.4(D). Neither the record nor the reasons given by the trial court reveal that Williams is among the most egregious offenders of the crime of armed robbery so as to merit an eight-five-year sentence for armed robbery and, thus, the sentence is disproportionate and the trial court abused its discretion in imposing it.
In our determination, we do not minimize the injuries suffered by the manager or the manner in which they were inflicted. Rather, we find that considering all the enumerated factors and on the record before us, this case is one in which the sentencing range of Smith, supra, is more appropriate. Therefore, we vacate the sentence for armed robbery and remand the matter to the trial court for resentenc-ing in accordance with this opinion.
As Williams’ brief admits, the extreme nature of the robbery was the aggravated battery for which Williams was also separately charged and convicted. This Court has generally upheld maximum sentences for aggravated battery convictions even though the offenders had no prior convictions, depending on the circumstances of the attack. Although Williams was given the maximum sentence for the aggravated battery of Ms. Levy, the ten-year sentence is proportional to the | ¡¡severity of that offense in light of the injuries to the victim. Even a mid-range sentence for armed robbery does not preclude the valid imposition of the maximum sentence for an aggravated battery committed during such robbery.[14] Here, the record supports the sentence imposed, and we find no abuse of discretion in that sentence.
Williams also received a ten-year sentence for his possession of a firearm while in possession of marijuana. To the extent that he argues this sentence was excessive, we note that the trial court did not impose the maximum fine of $10,000. Further, at the time the gun and drugs were discovered, Williams shared the home with his mother and sister and sometimes shared a room with his sister. The arresting officers testified that, when Williams came out of the bedroom screaming at them, his behavior was such that they were concerned for their own safety. After considering the facts of this case, we find the record supports the sentence and see no abuse of the trial court’s discretion.[15]
Williams also argues that the trial court erred in imposing consecutive rather than concurrent sentences on the armed robbery and aggravated battery convictions. He cites LSA-C.Cr.P. art. 883:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of *9 imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Here, the robbery and battery were part of the same transaction and, thus, there is a presumption in favor of concurrent sentences. Nonetheless, a trial judge [ nretains discretion to impose consecutive sentences on the basis of factors such as the offender’s past criminal acts, the violent nature of the charged offenses, or the risk that the defendant may pose to the safety of the community.[16] If the trial court elects to impose consecutive sentences for crimes arising from a single course of conduct, it must articulate the reasons it feels the sentence is necessary. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive.[17]
We do note that LSA-C.Cr.P. art. 883 does not specifically require the trial court state reasons justifying the imposition of a consecutive sentence when the crimes arise out of a single course of conduct. Rather, the history of the jurisprudence reveals that the requirement for articulating specific reasons for imposing a consecutive sentence is based on LSA-C.Cr.P. art. 894.1, which requires a sentencing court to “state for the record the considerations taken into account and the factual basis therefore in imposing sentence.” ... Over time, the Louisiana Supreme Court has found that the failure to articulate reasons for sentence pursuant to Article 894.1 does not require a remand when the sentence imposed is not “apparently severe” and there is an adequate factual basis for the sentence contained in the record.... Therefore, it logically follows that the failure to articulate specific reasons for imposing a consecutive sentence also does not require a remand if the record provides an adequate factual basis to support a consecutive sentence.[18]
We find there is an adequate factual basis in the record for the imposition of consecutive sentences. As noted above, Williams exhibited violent behavior toward Ms. Levy, and her injuries were severe, although not life-threatening. The trial court, therefore, did not err in imposing consecutive sentences.
| 1(1For the foregoing reasons, Williams’ eighty-five-year sentence is vacated, and the matter is remanded for resentencing in accordance with this opinion. In all other respects, the sentences are affirmed.

SENTENCE VACATED IN PART AND REMANDED; SENTENCE AFFIRMED IN PART.

. State v. Williams, 04-1309 (La.App. 5 Cir. 4/26/05), 902 So.2d 485, writs denied, 05-1640 (La.2/3/06), 922 So.2d 1173 and 05-1640 (La.2/3/06), 924 So.2d 144.

. State v. Smith, 01-2574 (La. 1/14/03), 839 So.2d 1.

. Id.; State v. Armstead, 07-741 (La.App. 5 Cir. 2/6/08), 980 So.2d 20.

. State v. Armstead, supra.

. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982), aff'd on remand, 446 So.2d 1210 (La.1984); State v. Sullivan, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335, 341.

. State v. Perrilloux, 03-0917 (La.App. 5 Cir. 12/30/03), 864 So.2d 843, writ denied, 2004-0418 (La.6/25/04), 876 So.2d 830 (citing State v. Lobato, 603 So.2d 739, 751 (La.1992)).

. Id.

. Id. (citations omitted).

. See, State v. Hawkins, 06-739, p. 23 (La.App. 5 Cir. 9/25/07), 968 So.2d 1082, 1096, writ denied, 07-2272 (La.4/18/08), 978 So.2d 347; State v. Tracy, 02-0227 (La.App. 5 Cir. *7 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213.

. See, State v. Sanborn, 02-257 (La.App. 5 Cir. 10/16/02), 831 So.2d 320, writ denied, 02-3130 (La.9/26/03), 854 So.2d 346; State v. Palmer, 00-0216 (La.App. 1 Cir. 12/22/00), 775 So.2d 1231, writs denied, 01-0211 (La. 1/11/02), 807 So.2d 224 and 01-1043 (La.1/11/02), 807 So.2d 229; State v. Styles, 96-897 (La.App. 5 Cir. 3/25/97), 692 So.2d 1222.

. State v. Smith, supra (citing State v. Augustine, 555 So.2d 1331 (La.1990) and State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49).

. State v. Alexander, 03-1291 (La.App. 5 Cir. 3/30/04), 871 So.2d 483, 491, writ denied, 04-1063 (La. 10/1/04), 883 So.2d 1007; State v. Hartwell, 03-1214 (La.App. 5 Cir. 1/27/04), 866 So.2d 899, writ denied, 2004-0448 (La.6/25/04), 876 So.2d 832; State v. Ragas, 07-3 (La.App. 5 Cir. 5/15/07), 960 So.2d 266, writ denied, 2007-1440 (La.1/7/08), 973 So.2d 732.

. Contrast, State v. Styles, supra; State v. Palmer, supra; State v. Sanborn, supra.

. See, e.g., State v. Allen, 40,972 (La.App. 2 Cir. 5/17/06), 930 So.2d 1122; State v. Smith, 41,544 (La.App. 2 Cir. 11/1/06), 942 So.2d 618, writ denied 2006-3015 (La. 10/5/07) 964 So.2d 379.

. See, State v. Taylor, 98-603 (La.App. 5 Cir. 3/10/99), 733 So.2d 77.

. State v. Bradley, 02-1130 (La.App. 5 Cir. 3/11/03), 844 So.2d 115, writ denied, 2001-1973 (La.6/14/02), 817 So.2d 1151.

. Id.

. Id. at 118 (citations omitted).