STATE OF LOUISIANA

VERSUS

TERRANCE DARNELL CALLOWAY

NO. 19-KA-335

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-4811, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

December 30, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson

<u>**AFFIRMED**</u>

**RAC**
**FHW**
**MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Terry M. Boudreaux

COUNSEL FOR DEFENDANT/APPELLANT,
TERRANCE DARNELL CALLOWAY
Gwendolyn K. Brown

**CHAISSON, J.**

Defendant, Terrance Darnell Calloway, appeals the consecutive sentences the trial court imposed after a jury convicted him of second degree murder and obstruction of justice.  For the reasons that follow, we affirm defendant's convictions and sentences.

## PROCEDURAL HISTORY

On September 29, 2016, a Jefferson Parish Grand Jury returned an indictment charging defendant with second degree murder, in violation of La. R.S. 14:30.1 (count one),[1] and obstruction of justice, in violation of La. R.S. 14:130.1 (count two).  On September 30, 2016, defendant pled not guilty at his arraignment. Trial in this matter began with jury selection on June 11, 2018, and concluded on June 13, 2018, when the twelve-person jury unanimously found defendant guilty as charged.

On June 27, 2018, defendant filed a motion for new trial and a motion for post-verdict judgment of acquittal.  On the same day, defendant filed a written motion for appeal.  According to the transcript, on June 28, 2018, the trial court denied defendant's motions for new trial and post-verdict judgment of acquittal and then granted the motion for appeal.  After two victim impact statements were read, the trial court sentenced defendant to life in prison without benefit of parole, probation, or suspension of sentence on count one.  The trial court also sentenced defendant to forty years at hard labor on count two to run consecutively with his sentence on count one.  Due to defendant's actions during sentencing, the trial

---

[1] Dana Lemar a/k/a Dana Calloway was charged as a co-defendant in count one.  She pled guilty to manslaughter pursuant to a plea agreement and testified against defendant at trial.

1

19-KA-335

court also found him in contempt of court and sentenced him to an additional three months.

In his first appeal, defendant argued that the trial court erred by imposing his sentences consecutively and by proceeding directly to sentencing without first obtaining a waiver of sentencing delays. This Court found that based upon the transcript, the trial court was divested of jurisdiction to sentence defendant after it granted his motion for appeal, and defendant's only assignments of error involved sentencing issues. In light of due process considerations, this Court vacated defendant's sentences and remanded the matter for resentencing, noting that once defendant was resentenced, he had the right to appeal his convictions and sentences. *See State v. Calloway*, 18-708 (La. App. 5 Cir. 4/24/19), 271 So.3d 349.

In compliance with this Court's directive, the trial court resentenced defendant on May 30, 2019, to life in prison at hard labor without benefit of parole, probation, or suspension of sentence on count one, and forty years at hard labor on count two to run consecutively. It also re-imposed the previous three-month sentence for the contempt of court. Defendant objected to the excessive and consecutive nature of "the sentence" and thereafter filed a motion to reconsider sentence, which was denied. Defendant now appeals, challenging the trial court's imposition of consecutive sentences.

## FACTS

On Sunday, June 26, 2016, Cordaryle Robert (the victim) was reported missing from Slidell. Three days later, on June 29, his body was found, with a gunshot wound to the head, in a ditch near Boomtown Casino in Jefferson Parish.

During their investigation, Jefferson Parish police officers learned there was an ongoing arson investigation of the victim's vehicle, which was found burned in a sugarcane field in Thibodeaux on June 25, 2016. The vehicle, which was sitting

2

on cement blocks, was missing its rims and tires. A RaceTrac styrofoam cup and a black muscle shirt were collected as evidence by the Lafourche Parish police. Thereafter, Lafourche Parish police officers went to the RaceTrac store between Slidell and Thibodeaux and viewed a surveillance video from around the time they believed the victim's vehicle had been driven to the field. On the video, the officers observed a black male, wearing a black muscle shirt,[2] purchasing a fountain drink in a cup that appeared similar to the RaceTrac cup found near the burned vehicle.

In the meantime, in connection with the missing person report, Slidell police examined the victim's cell phone records and discovered contact with one number continuously around the time of his disappearance. Their investigation led them to discover Dana Lemar[3] as the person who had been in touch with the victim. It was further discovered that Lemar lived with defendant in a trailer park in Houma. Lafourche Parish police sent the RaceTrac surveillance video to the Houma police, and officers were able to positively identify the black male as defendant.

Thereafter, Houma police executed a search warrant in tandem with the Jefferson Parish police, the Slidell police, and the Lafourche Parish police on defendant and Lemar's mobile home. During the search, a gas can[4] and a glove holding twenty-four lug nuts of the same size and dimensions[5] were seized.

---

[2] The black muscle shirt was seized from the gas spout of the victim's vehicle. It is noted that defendant's DNA was found on the black shirt.

[3] After work on Friday, June 24, the victim went to his friend and co-worker, Brandon Johnson's, apartment. At that time, the victim showed Brandon text messages from a woman the victim intended to go meet with in New Orleans that night.

[4] A receipt for the gas can was also found during the search. The receipt reflected it was purchased at the Walmart in Boutte at 5:13 a.m. on June 25.

[5] Later, Jefferson Parish police fitted the twenty-four lug nuts to the victim's vehicle and found that they fit.

19-KA-335

Dana Lemar, defendant's wife, pled guilty to manslaughter for her involvement in the murder of the victim. In accordance with the terms of her plea agreement, Lemar testified at trial as to the circumstances surrounding the victim's murder. According to Ms. Lemar, she was Facebook friends with the victim, and he had expressed an interest in her. Defendant was aware of the messages the victim had sent to Lemar as he had access to her Facebook account. After seeing posted pictures of money and of the victim's vehicle on his Facebook page, Lemar and defendant wanted to rob him. Lemar thereafter made arrangements to meet the victim at Boomtown Casino under the guise it was a date. Lemar and defendant drove to Boomtown Casino in their Chevrolet Tahoe and waited for the victim to arrive.

When the victim arrived to the Boomtown Casino parking lot, Lemar got in his vehicle, and they drove to a Burger King. Defendant had previously told Lemar to see if the victim had any cash when he pulled out his wallet, but she was only able to see that he had a card. To lure the victim back to the vicinity of Boomtown Casino where defendant waited, Lemar told the victim that her aunt's vehicle had broken down nearby on the side of the road. The victim drove to the area where Lemar directed him, and defendant waited there near the Tahoe to rob the victim. When Lemar and the victim pulled over on the side of the road, the victim exited his vehicle and went to look under the hood of the Tahoe. Lemar exited the victim's vehicle to look for defendant and then heard gunshots. She turned to see defendant holding a gun and standing over the victim's body as he fell into the ditch.

Lemar detailed that after defendant shot the victim, she drove their Tahoe away from the scene while defendant followed in the victim's vehicle. She

4

provided that she followed defendant to the spot where he burned the victim's vehicle to get rid of evidence of the murder.

## IMPOSITION OF CONSECUTIVE SENTENCES

In his only assignment of error, defendant argues that the trial court erred in imposing consecutive sentences.

At the resentencing hearing conducted pursuant to this Court's remand, the State adopted two victim impact statements read during defendant's first sentencing and urged the trial court to reconsider them in imposing the sentences. In addition, both the State and defendant articulated their position on whether defendant's sentences should be imposed consecutively. Thereafter, the trial court sentenced defendant, stating that he was doing so in accordance with La. C.Cr.P. art. 894.1, to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count one, and forty years at hard labor on count two to be served consecutively.

Defendant now challenges these sentences as excessive based on their consecutive nature. He argues that the two offenses were clearly part of a common scheme or plan, and thus, the imposition of consecutive sentences required particular justification from the trial court. He contends that the trial court's failure to provide any justification for the imposition of consecutive sentences requires this Court to find that his sentences are unlawful and to remand for resentencing.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. *State v. Woods*, 18-413 (La. App. 5 Cir. 12/19/18), 262 So.3d 455, 460.

5

19-KA-335

According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. *State v. Pearson*, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56.

When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C.Cr.P. art. 883; *State v. Yelverton*, 12-745 (La. App. 5 Cir. 2/21/13), 156 So.3d 53, 66-67, *writ denied*, 13-629 (La. 10/11/13), 123 So.3d 1217. If the trial court elects to impose consecutive sentences for crimes arising out of the single course of conduct, it must articulate the reasons it feels consecutive sentences are necessary. *State v. Cornejo-Garcia*, 11-619 (La. App. 5 Cir. 1/24/12), 90 So.3d 458, 465. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. *State v. Bradley*, 02-1130 (La. App. 5 Cir. 3/11/03), 844 So.2d 115, 118.

A trial judge retains discretion to impose consecutive sentences on the basis of factors such as the offender's past criminal acts, the violent nature of the charged offenses, or the risk that the defendant may pose to the safety of the community. *State v. Williams*, 08-556 (La. App. 5 Cir. 1/13/09), 8 So.3d 3, 9, *writ denied*, 09-330 (La. 11/6/09), 21 So.3d 298. The failure to articulate specific reasons for imposing consecutive sentences does not, however, require remand if

6

19-KA-335

the record provides an adequate factual basis to support the consecutive sentences. *State v. Cornejo-Garcia*, *supra.*

In the present case, the evidence presented at trial indicated that defendant's convictions arose from a common scheme that occurred over the span of one night. Although La. C.Cr.P. art. 883 suggests that concurrent sentences would have been warranted under the circumstances presented herein, the trial court imposed defendant's two sentences consecutively. At the resentencing hearing in this matter, the trial judge did not articulate any definitive reasons or identify any specific facts particular to defendant for justification that his sentences be served consecutively. Rather, the trial judge merely referenced that he was sentencing defendant in accordance with La. C.Cr.P. art. 894.1.[6]

Despite the trial court's failure to articulate its reasons for the imposition of consecutive sentences, a remand for resentencing is not warranted as the record clearly supports the sentences imposed. The facts adduced at trial indicate that defendant and Lemar lured the victim to Boomtown Casino with plans to rob him. After defendant and Lemar persuaded the victim to park on the side of the road under the pretense he was assisting Lemar's aunt with her broken down vehicle, defendant came upon the victim and shot him in the head. Defendant then left the victim's body on the side of the road in a ditch and drove the victim's vehicle to Lafourche Parish where he burned it to conceal the victim's murder.

Further, Louisiana jurisprudence supports the trial court's decision to impose consecutive sentences. *See State v. Roberson*, 40,809 (La. App. 2 Cir. 4/19/06), 929 So.2d 789, 803-05, and *State v. Royal*, 03-439 (La. App. 5 Cir. 9/30/03), 857

---

[6] At the resentencing hearing, the State adopted the two victim impact statements read during defendant's first sentencing hearing and urged the trial court to reconsider them in imposing the sentences. In these statements, the victim's sister and the victim's fiancée described the victim's warm-hearted and hard-working nature and detailed the devastating effect his death has had on their families.

7

19-KA-335

So.2d 1167, 1169, 1175, *writ denied*, 03-3172 (La. 3/19/04), 869 So.2d 849 (where courts have upheld consecutive sentences for the defendants' convictions of second degree murder and obstruction of justice resulting in the same total period of incarceration as defendant herein).

In light of the foregoing, we find that the trial court did not abuse its discretion in imposing consecutive sentences. Although the trial judge did not articulate reasons for the consecutive nature of the sentences, the record clearly supports the sentences imposed. Further, even assuming that defendant's sentences are excessive because of their consecutive nature, a remand for resentencing would be "an academic exercise which has no practical benefit to anyone." *State v. Funes*, 11-120 (La. App. 5 Cir. 12/28/11), 88 So.3d 490, 510, *writ denied*, 12-290 (La. 5/25/12), 90 So.3d 408. Second degree murder carries a mandatory life sentence. *See* La. R.S. 14:30.1. Defendant received a life sentence without benefits for his conviction of second degree murder, so the imposition of the forty-year consecutive sentence has "no practical effect as defendant will be in jail for the rest of his life unless he is pardoned." *See Funes*, *supra*.

Accordingly, the arguments raised by defendant in this assigned error are without merit.

## ERRORS PATENT REVIEW

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals that the trial court failed to advise defendant of the time delays for filing post-conviction relief as set forth in La. C.Cr.P. art. 930.8. While the minute entry from the May 30, 2019 resentencing proceedings indicates that defendant was advised of the time delays for filing post-

8

conviction relief, the transcript does not so reflect.[7]  It is well settled that if a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing defendant of the applicable prescriptive period for post-conviction relief.  *See State v. Wilmot*, 13-994 (La. App. 5 Cir. 5/14/14), 142 So.3d 141, 150.  Thus, in accordance with this Court's routine practice, we advise defendant pursuant to La. C.Cr.P. art. 930.8 that "no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922."

Accordingly, for the reasons set forth herein, we affirm defendant's convictions and sentences.

**AFFIRMED**

---

[7] In addition, the transcript from defendant's original sentencing on June 28, 2018, does not reflect that he was advised of the time delays during that proceeding.

9

19-KA-335

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-335

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)      GWENDOLYN K. BROWN (APPELLANT)      THOMAS J. BUTLER (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053